JAMES BLAKE, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

(Argued February 18, 1878; decided March 19, 1878.)

THE plaintiff in error was indicted for the murder of the John McDonald, by shooting; he was convicted of murder in the second degree.

A witness for the people was asked, on cross-examination, if he would swear that the deceased was not choking the prisoner ?   He answered : " I would not swear it ;  but don't think that he was."   The last part of the answer the prisoner's counsel moved to strike out, which motion was denied.   *Held*, no error; that it was competent for the witness to testify to an impression or belief on the subject. (*Snell* v. *Moses*, 1 J. R., 96, 103; *Lewis* v. *Freeman*, 17

Maine, 260; *Franklin* v. *City of Macon*, 12 Geo., 257; *Rex* v. *Pedley*, 1 Leach, 325; *Reg.* v. *Schlesinger*, 12 Q. B., 670; *Folkes* v. *Chadd*, 3 Doug., 157, 159.)

A witness was also asked "which was down; can you tell?" He answered, "The one that was shot was down and the other was helping him up, to the best of my knowledge." Said counsel moved to strike out the words "to the best of my knowledge." The motion was denied. *Held*, no error; it being governed by the same rule as the exception above noted.

So, also, a witness was asked whether the hold of the prisoner and the deceased was a friendly or an unfriendly grasp. He answered, he did not know; he believed it was a friendly grasp. *Held*, to be governed by the same principle; also, to be within the rule in *People* v. *Eastwood* (4 Kern., 562), where a witness was asked if, in his judgment, a person was intoxicated.

The district-attorney was permitted to ask the prisoner, on cross-examination, questions calling for the motives which influenced him in certain of his actions. *Held*, proper.

Upon the cross-examination of one of the witnesses for the people, the prisoner's counsel sought to prove that the deceased was a quarrelsome, dangerous man; the court refused to receive the evidence at that time. *Held*, no error; that it being the introduction of a new subject as matter of defense, it was simply a question as to the order of proof, which was in the discretion of the court.

The record shows an objection to the district-attorney's commenting upon any evidence which he intended, but did not produce. The record does not disclose the remarks to which objection was made; but from the colloquy between the counsel which is stated, it is indicated that the district-attorney, in his opening, had promised testimony which was not produced; that the prisoner's counsel, in summing up, had commented upon the omission, in reply to which the district-attorney stated the reasons of his failure to produce the proof. *Held*, no error; that when the testimony was offered in good faith, and where, from some unforeseen circumstance, the dis-

trict-attorney was prevented from producing it, it was permissible for him, in answer to the comments of the prisoner's counsel, to state the reasons of the failure.

Various other questions were disposed of upon the facts.

*Peter Mitchell* for plaintiff in error.

*Benj. K. Phelps* for defendants in error.

FOLGER, J., reads for affirmance.

All concur, except CHURCH, Ch. J., and MILLER, J., not voting.

Judgment affirmed.