HERBERT v. NORTHERN PACIFIC R. R. Co.

1. CHALLENGE TO JUROR: ERROR WITHOUT PREJUDICE: PEREMPTORY CHALLENGE REMAINING. The ruling of the court sustaining a challenge to a juror for cause although not justified by the facts disclosed in his examination, is not error for which a judgment will be reversed when he might have been challenged peremptorily by the same party; and it not appearing that the defendant was prejudiced by such ruling, the cause having been tried by a competent jury.

2. INJURY FROM NEGLIGENCE OF CO-EMPLOYE: LIABILITY OF EMPLOYER. An employer is not liable to those in his employ for injuries resulting from the negligence, carelessness or misconduct of a fellow-servant engaged in the same general business, and performing services for the same general purposes; but to this rule there are well defined exceptions.

3. SAME: EXCEPTIONS TO RULE. One, and perhaps the most important of these exceptions, arises from the obligation of the master, whether a natural person or a corporate body, not to expose the servant, when conducting the master's business, to perils or hazards against which he may be guarded by proper diligence upon the part of the master.

4. SAME: SERVANT RISKS ORDINARY DANGERS OF SUCH EMPLOYMENT. It is implied in the contract between the parties, that the servant risks the dangers which ordinarily attend, or are incident to, the business in which he voluntarily engages for compensation. But it is equally implied in the same contract, that the master shall supply the physical means and agencies for the conduct of his business; and in selecting such means, machinery and appliances, and in preserving and maintaining them in a suitable condition, he shall not be wanting in proper care. His negligence in that regard renders him liable to an employe who sustains damage in

consequence of such neglect.  Sec. 1130 and 1131 of the Civil Code is an enactment of the common law on that subject and does not change this rule.

5.  SAME:  EMPLOYER MUST FURNISH SAFE MACHINERY AND IMPLEMENTS.  The master is liable as for his own neglect in failing to furnish proper and safe machinery or implements, and in failing to keep them in a safe and suitable condition for such use.  These duties belong to the master, and he cannot rid himself of responsibility for not performing them by showing that he delegated the performance to another servant who neglected to follow his instructions.

6.  CONTRIBUTORY NEGLIGENCE:  QUESTION FOR JURY.  The question of contributory negligence of the plaintiff which would prevent a recovery in an action for damages against a Railroad Company, is generally a question of fact to be submitted to a jury under proper instructions, and when it is so submitted the verdict of the jury is conclusive on that point, hence a refusal to charge the jury that certain acts of the plaintiff at the time the accident occurred constituted negligence and prevented a recovery, was not error.

*Appeal from the District Court of Burleigh County.*

*W. P. Clough,* for appellant.

1.  The defendant was entitled to the benefit of C. S. Weaver's intelligence, fairness, and sound judgment as a juror in the cause.

His examination upon his challenge did not develop any disqualification growing out of *relationship* to either party, and it absolutely negatived the existence of any *actual bias* towards either party.

The right of a suitor to have his cause heard, and its decision participated in, by a juror who has been properly summoned, called in the panel, found without any disqualification specified in the statutes, and not challenged peremptorily by the opposite party, is indefeasible; and any attempt by the court to deprive him of such right is error, subject to review by an appellate tribunal.  *Code Civil Procedure,* Sec. 241-246.  *Harrisburg Bank vs. Foster,* 8 Watts, 304.  *State vs. Shaw,* 3 Iredell (Law) 532.

2.  The plaintiff, at the conclusion of his evidence, had failed

to make out any cause of action against the defendant, and hence the motion of the latter to dismiss the cause should have been granted. The court should also, at the conclusion of the case on both sides, have granted defendant's request to instruct the jury to find a verdict for the defendant.

The evidence, both at the conclusion of the plaintiff's case, and at that of the case on both sides, showed conclusively the following facts:

*Firstly*—The defendant was hurt through his own negligence; or,

*Secondly*—He was hurt through the negligence of his co-employes, engaged in the same general business with him. Among such persons were not only the yard master and car repairer at Bismarck, but also any other employes of the defendant whose business it might have been to keep the defendant's rolling stock in order.

The statutes of Dakota territory throw upon the employe all hazards growing out of the negligence of any other person employed in the same general business, and, in this particular, differ from the common law, as generally interpreted by the courts of the country. *Civil Code*, Secs. 1129-1131. *Hough vs. Ry. Co.*, 100 U. S. 213. *Mich. Cent. R. R. Co., vs. Gilbert*, 9 N. Y. Rep., 243. *Smith vs. Potter*, 9 N. Y., Rep. 273. *Sherman vs. R. & S. R. R. Co.*, 7 N., Y. 155. *Cooper vs. Ry. Co.*, 23 Wis., 671. *Chapman vs. Em. Ry. Co.*, 55 N. Y. 579. *Thompson on Negligence*, pp. 1026-1040.

3. The refusal of the instruction requested in the following words :

" If the plaintiff knew, or had reason to know, of the broken and defective condition of the car before the accident happened to him, he cannot recover;

—was in the face of a well-settled rule of law. *Thompson on Negligence*, p. 1008, Sec. 15.

4. The two requests, of similar import, to-wit:

" If the accident resulted to Herbert from the yard-master or car repairer negligently omitting to notify Herbert of the broken condition of the car, in that case the defendant was not responsible for the injury which Herbert had received; and,

" The plaintiff cannot recover from the defendant, by the reason of any acts of negligence on the part of any other persons employed in the same general business with plaintiff. This would include the yard-master and car-repairer; "—were directly in accord with the statutes of the territory. The latter of the two was in almost identical language with the statute. Both requests were entirely pertinent, in view of the evidence; and hence the defendant had a right to one or the other of them being given. See authorities before cited.

5. The motion for a new trial should have been granted, not only on account of the errors upon the trial, which have been above enumerated, but because the verdict was clearly the result of passion or prejudice.

6. The remaining errors assigned need no special comment here. They are mostly all governed by the rules and principles which have been mentioned in one or more of these points.

*Thomas Wilson and Wilson & Ball*, for respondent; points and authorities cited.

The rulings of the court in respect to the challenges of the jurors were in all respects correct.

But even if the Court erred in allowing the challenge to the juror Weaver, it was error without prejudice, for which this court will not reverse. *Heaston vs. Cin. & Ft. Wayne Ry. Co.*, 16 Ind., 275, 279; *Atchison, T. & S. F. R Co· vs. Franklyn*, 23 Kan., 74; *Carpenter vs. Dane*, 10 Ind., 130; *Morrison vs. Love-*

*joy*, 6 Minn., 349, 350; *U. S. vs. Cornell*, 2 Mason, 104, 105; *Hobbs vs. State*, 8 Tex. App., 620; *Grison vs. State*, 8 Tex. App., 386; *McKinney vs. State*, 8 Tex. App., 626; *State vs. Lawler*, 9 N. W. Rep., 698; *Libby vs. Shakespeare*, 9 N. W. Rep., 451; *Atlas Mining Co. vs. Johnson*, 23 Mich., 36; *State vs. Arthur*, 2 Devereux, 217; *Fuery vs. People*, 2 Keys, 442, 443; *Mimms vs. State*, 16 Ohio State R., 221, 228-9; *Irvine vs. State*, 29 O. State, 186; *State vs. Elliott*, 45 Iowa, 486; *Burns vs. Newton*, 46 Iowa, 567; *West vs. Forrest*, 22 Missouri, 344.

It does not appear from the record whether the challenge was for cause or peremptory, and it cannot be questioned but that plaintiff had the right of peremptory challenge.

It is for the defendant to *show error*.

"The court will presume nothing in favor of the party alleging error; but, if compelled through the imperfection of the statement of facts to resort to presumption at all, will not indulge any except such as will sustain the judgment appealed from." *Carman vs. Pultz*, 21 N. Y., 547; *People vs. Whiting*, 53 Cal., 420; *Viele vs. T. & B. R. Co.*, 20 N. Y., 184.

"The party appealing must make his case and have it settled, with such a statement of the facts as will show necessarily that the law is in his favor. If he does not, every intendment not absolutely unreasonable in itself will be against him." *Grant vs. Morse*, 22 N. Y., 324.

"The party who alleges error holds the affirmative in the appellate court, and must be able to show it specifically." *Acker vs. Carver*, 23 Minn., 567; *Brant vs. Trumer*, 47 N. Y., 96.

"The presumption of law is that there was evidence to sustain every fact found; and if the findings are defective, the presumption is that the facts not found were proven." *Dole vs. Anderson*, 27 Cal., 250; *Lyon vs. Lembech*, 27 Cal., 139.

"The judgment will not be reversed unless it is apparent from

the record that an error has been committed, and that such error materially injured the rights of the party complaining." *City of Allegheny vs. Nelson*, 25 Pa. St., 332.

Even if all was admitted that the appellant claims, it would not justify the reversal of the judgment. It is not denied but that the defendant had a trial by a fair, impartial jury. On another trial it could have no more than that. It is not in the power of this court to give it a trial by a jury of which Weaver shall be one. All defendant is entitled to is an impartial jury. It has the right to *challenge*, not to *select*. So long as there is no legal objection to the jury which tried the case, it has, in the eye of the law, suffered no injury.

2. The duty of maintaining machinery in proper repair for the protection of employes operating it, *devolves upon the master* and he is liable for injuries resulting from a failure to perform such duty. Even if not expressed, *this is implied in the contract between the parties.*

No act which the master is bound to perform for the safety and protection of his servants can be delegated so as to exonerate him from liability for an injury to the servant, caused by an omission to perform it, and this whether the misfeasance or non-feasance is that of a superior or inferior officer, agent, or servant to whom the doing of an act or the performing of the duty has been committed. *Such act or omission is that of the master*; also, irrespective of the question whether it was or was not practicable for the master to act personally, or whether he did or did not do all that he personally could to secure the safety of the servant. *Fuller vs. Jewett*, 80 N. Y., 46, and cases cited in respondent's brief in that case; *Wharton on Neg.* (2 Ed.), Sec. 210, 211, 212, 224, 232, 232 a, Note; *Ford vs. R. R. Co.* 110 Mass., 240, 255, 256, 260, 261, 262; *Booth vs. Bos. & A. R. Co.*, 73 N. Y., 38, 40; *Drymala vs. Thompson*, 26 Minn., 40; *Lanning vs. N.*

*C. R. Co.*, 49, N. Y., 521, 531, 532, 533; *Baker vs. All. Val. R. R. Co.* (Sup. Ct. Pa.), 24 Albany Law Jour. 23; *Snow, vs. Hous. R. Co.*, 8 Allen 441, 443, 444, 45, 446, et seq; *Woods, master and servant*, Sec. 329, page 687; *Woods, master and servant*, Sec. 398, page 774; 2 *Thompson on Neg.*, 985, 986, 987; *Plank vs. Cent. R. Co.*, 60 N. Y., 607; *Hough vs. Railway Co.*, 100 U. S., 213, 216, 218; *Toledo R. Co. vs. Conroy*, 68 Ill., 561, 567; *C. & N. W. R. Co. vs. Smeet*, 45 Ill., 203; *Cooley on Torts*, 542 et seq. Ib. 560 to 563, and cases cited in note; *Flich vs. Boston & All. R. R. Co.*, 53 N. Y., 549, 553; *Bessex vs. C. & N. W. R. R. Co.*, 45 Wis., 477, 479, 481, 483; *Shaney vs. Androscoggin Mills*, 66 Me., 420, 428, et seq. *Gibson vs. Pac. R. Co.*, 46 Mo., 163; *Lewis vs. St. Louis R. Co.*, 59 Mo., 495; *Cone vs. Del. & Lack. R. Co.*, 81 N. Y., 207; *Holden vs. Fitchburg R. Co.*, 129 Mass., 268; *Slater vs. Jewett*, 85 N. Y., 61, 67, 73, 74; Note to 2 American and Eng. R. Cases, page 56; *Wedgwood vs. R. Co.*, 41 Wis., 482-3; *Smith vs. R. Co.*, 42 Wis., 525-6.

2. This rule does not trench on the rule that the master is not liable to a servant for the negligence of a fellow servant. *The latter rule does not exempt the master from liability for his own negligence.* The negligence is equally actionable whether it consists in originally failing to provide or in afterwards failing to keep its machinery in order. *Fuller vs. Jewett*, 80 N. Y., 46; *Ford vs. Fitchburg Railroad Co.*, 110 Mass., 261; *Bessex vs. C. & N. W. Ry. Co.*, 45 Wis., 481, 482; *Shaney vs. Androscoggin Mills*, 66 Maine, 420, 423 et seq.; *Drymala vs. Thompson*, 26 Minn., 40, and other cases above cited.

3. The company is under obligations to adopt rules for the safe running of its trains. *C. & N. W. Ry. Co. vs. Taylor*, 69 Ill., 461, 465, 466; *Cooper vs. Iowa Cent. Ry. Co.*, 44 Iowa, 135, 138, 139; *Slater vs. Jewett*, 85 N. Y., 61, 73, 74.

Which defendant wholly failed to do.

4. It is not the province of the court to pass upon the weight or effect of the testimony, but only to determine whether there is *any* evidence to go to the jury. *Wedgwood vs. C. & N. W. Ry. Co.*, 44 Wis., 47.

5. The question of contributory negligence is one for the jury. It is not for the court to say that if plaintiff had an opportunity to observe the defects, and did not, he was guilty of contributory negligence. *Butler vs. M. & St. P. Ry. Co.*, 28 Wis., 501; *Snow vs. Hous. R. Co.*, 8 Allen, 441; *Ford vs. Fitchburg R. Co.*, 110 Mass., 259 et seq. *Bessex vs. C. & N. W. Ry. Co.*, 45 Wis., 483; *Stockton vs. Cent. R. Co.*, 79 N. Y., 464; *Plank vs. N. Y. Cent. R. Co.*, 60 N. Y., 607; *Stevenson vs. Jewett*, 16 Hun, 210.

6. The employe is not bound to do more than to raise a reasonable presumption of negligence. *Hackett vs. Middlesex Man. Co.*, 101 Mass., 101; *Wharton Neg.* (2 Ed.), Sec. 427, 428.

7. It is *knowledge, not means of knowledge*, of the defects which prevents an employe from recovering. *Muldony vs. R. Co.*, 36 Iowa 462; *Plank vs. N. Y. Cent. R. Co.*, 60 N. Y., 607; *Snow vs. Hous. R. Co.*, 8 Allen, 441.

8. Plaintiff's exercise of due care may be inferred from the ordinary habits and disposition of prudent men and the instinct of self preservation. *John vs. Hud· Riv. R. Co.*, 20 N. Y., 65, 69; *John vs. Hud. Riv. R. Co.*, 5 Duer 21; *North Cent. R. R. Co., vs. State*, 29 Md., 438; *North Cent. R. R. Co. vs. State*, 31 Md., 364; *Cleveland R. Co. vs. Roman*, 66 Pa. St., 393; *Wis., vs. P. R. Co.*, 79 Pa. St., 381.

The statute of Dakota cited and relied on by appellant's counsel is merely declaratory of the well-settled law on this subject. It neither adds to nor subtracts from the rights or liabilities of the parties. That defendants cars were out of order, and that they became so, not by any accident or sudden injury, but by being worn out, is shown by the evidence.

The iron-breaking apparatus had worn almost smooth by use. This must have been the work of years.

The following language of the Supreme Court of Wisconsin, in a similar case, is apposite to this:

"We have said the company was under obligations to use reasonable means to guard against defects in its cars. It was bound to exercise reasonable diligence in watching its cars, inspecting them, and keeping them in repair. This duty it owed to its employes. The danger they incurred in entering the service was not to be increased by neglect or failure to perform this legal duty. And if there was defect in the braking apparatus of the car in question, which had existed so long or was of such a character that the defendant, by the exercise of ordinary care, *could have discovered and repaired it*, it is liable for an injury sustained by an employe in consequence of such defect." *Bessex vs. C. & N. W. R. Co.*, 45 Wis., 481.

Again, it being shown by the uncontradicted evidence that the machinery furnished by the defendant was out of order and unfit for use, and that that unfitness at least contributed to the injury, it would not be a defense if true that the neglect of a co-servant of plaintiff also contributed to the injury. *Crozier vs. Taylor*, 10 Gray, 274; *Palemier vs. Erie* R. Co., 5 Vroom, 151; *Joslyn vs. Pearson*, 44 Mich., 160; *Cone vs. Del. L. R. Co.*, 81 N. Y., 207; *Booth vs. Boston & A.* R. Co., 73 N. Y., 38.

It is not true that a corporation is exempted from liability for injuries resulting from the defective condition of its machinery simply because such defects are, or may be, the result of the negligence of the person having charge of such machinery, and whose duty it is to repair the same.

To allow such an objection to prevail would be equivalent to holding that a corporation is *not liable at all* for its negligence in such cases. As it can only act through its servants and officers, if

it is not liable for their negligence, negligence cannot be imputed to it. The law does not sanction such an absurdity.

I respectfully ask the attention of this court to the charge given by the court below, either on his own motion or on the request of the attorneys of the parties.

It is the duty of the party taking exception to point out the *particular proposition* or *part* excepted to, so that the attention of the court may be directed to it. *Moore vs. Bank of Metropolis*, 13 Pet., 302, 310; *Lincoln vs. Claflin*, 7 Wallace, 132.

It was competent for the court below to deny a new trial on the condition that the plaintiff would remit a part of the verdict. *Dublin vs. Murphy*, 3 Sanford 19; *Collins vs. A. & S. R. Co.*, 12 Barb. 492; *Blunt vs. Little*, 3 Mason 102, 107; *Murray vs. Hud. R. Co.*, 47 Barb 196, 205; *Kenz vs. Wallace*, 36 Cal., 462, 480, 481; *Doyle vs. Dixon*, 97 Mass., 208, 213; *Seam vs. Conover*, 2 Keys (N. Y.) 113; *Hayden vs. Florence Sewing Machine Co.*, 54 N. Y., 221; *Belknap vs. R. Co.*, 49 N. H., 359. *Collins vs. City of Council Bluffs*, 35 Ia., 432. *Union Roll. Mill Co., vs. Gillen*, 100 Ill., 52.

The facts are stated in the opinion.

HUDSON J.—This action was brought to recover damages of the defendant company for causing a fatal injury to the plaintiff's leg necessarily requiring amputation.

It appears from the undisputed testimony in the case that on the 24th day of October, 1879, the plaintiff was in the employ of the defendant as brakeman in defendant's yard at Bismarck, and as such, it was his duty, among other things, to attend, set and loosen brakes when necessary, upon freight trains that came into the yard, in separating and distributing cars, under the immediate direction of the yard master, one Gilboy. That although the plaintiff had had considerable experience as a brakeman at other

places, he had worked in this yard but two days, when coming up with some cars from the Missouri River landing to the yard at Bismarck, a freight train which had come in from the east was standing upon the track; orders were given to separate and distribute the cars, and for this purpose the switch engine was coupled on and the work of switching commenced.

The plaintiff was ordered by the yard-master of defendant, to brake and stop two certain cars numbered 1804 and 2280, which had theretofore been "kicked off" (as it is termed) and propelled by steam power upon a particular track, and were running toward some stationary cars standing on the same track; That the plaintiff, in obedience to said order, ascended the ladder on the rear end of car 1804, being the hind car, and ran to the forward end and attempted to set the brake attached to said car; That said brake was out of order and could not be made to work so as to stop the said cars, and was utterly useless for that purpose; That as soon as the plaintiff discovered that the brake on said car, 1804, was in bad condition and useless, he stepped on to car 2280 and took hold of the brake on said car for the purpose of braking and stopping said cars. The brake on 2280 is what is termed a "step brake," having its upper bearing of the shaft and dog and ratchet upon a shelf or step about one foot below the top or roof of the car; and the plaintiff in attemping to set said brake stepped down with his left foot upon said shelf or step, it being designed for that purpose, and put his foot against the dog to hold it into the ratchet so as to make the brake effective in stopping the cars, which brought his left limb between said cars. The brake on said car 2280 was also defective and out of order, it having been worn by use, and the ratchet would not hold; That while the plaintiff's left foot was upon the step attempting to hold the dog to the ratchet, the said cars being still in motion struck the stationary cars standing upon the said track.

At the time the train having said cars, No. 1804 and 2280, at-

tached, came into the said yard at Bismarck, the said car 1804, was broken and defective in other respects than in the brake mentioned; it had met with an accident ˚on its way from Fargo to Bismarck by which the "dead-wood˙" and "draw-car," sometimes called "bumper," had been pulled out and was then out, and the two cars had been chained together, and were so connected at the time the same were switched off as aforesaid. The two ends so chained together were the ends having the brakes and the end of 1804 having the bumper out; That when car 2280, being forward, struck the stationary cars standing on the track as before described, by reason of car 1804 having no bumper, the two cars were forcibly driven together and coming in close contact, caught, and crushed, and injured the plaintiff's left leg, from which injury amputation became necessary.

There was some evidence tending to show that the plaintiff knew, or had reason and opportunity to know of the defective conditio n of these cars; but the plaintiff testified on the trial that he had no such knowledge. The defendant̓ also gave evidence upon the trial to show that it had a car repairer at its yard in Bismarck, whose duty it was to repair its cars and to keep them in repair.

Verdict for the plaintiff and judgment from which defendant appeals.

The defendant alleges several errors occurring at the trial in the court below, and to which exception was duly taken; but it is not deemed of importance that all of these should be noticed but only such as were pressed upon the attention of the court by the learned counsel· in his argument of the case. And first—it appears that when the cause was called for trial and a jury was being impannelled, one C. S. Weaver was called as a juror and sworn upon· his *Voir dire*; that after examination he was challenged for cause by plaintiff's counsel and the court sustained the challenge; to which decision of the court the defendant excepted.

We need not inquire whether the examination of the juror showed a good cause of challenge, as the question may be disposed of, as far as this appeal is concerned, on other grounds.    It does not appear from the record, that the defendant was prejudiced by not having this juror on the panel.    The cause was tried by a competent jury.    The defendant could not be restored to its rights by a new trial, as it could not have this juror impannelled again.    The plaintiff, for aught that appears in this record, might have challenged this juror peremptorily; nor does it appear that the counsel for the defendant had exhausted his peremptory challenges or that he did all that he could to free the panel from objectionable jurors. The panel may have been finally acceptable to him.    It is for the defendant to show that it was prejudiced by the decision of the court.    A judgment will not be reversed unless it appears that a party's rights have been prejudiced, and as it does not appear that there was any legal objection to the jury which tried the case, the defendant has not in any legal sense suffered injury, and the court will presume nothing in favor of the party alleging error. *Morrison v. Lovejoy*, 6 Minn., 224; *Atlas Mining Co. v. Johnson*, 23 Mich., 36.

*Secondly*:   The defendant insists that the plaintiff cannot recover for an injury caused by the negligence of his co-employee engaged in the same general business, assuming that the evidence shows that the accident which caused the injury to plaintiff was solely from the negligence of his co-employed, viz: the car repairer or yard master.

This is stating a fundamental principle of law, and cannot be disputed, if the defendant's assumption is true. It may be granted that if the case presented in this contention is one falling within that rule of law, and not within any exception to the rule, the defendant ought to prevail.   This doctrine of exemption of the common master from liability to his servant for injuries caused by the negligence of a fellow servant engaged in the same general

employment, is stated by C. J. Shaw in *Farwell v. Boston & Worcester R. R. Co.*, 4 Met., 49, as follows: "He who engages in the employment of another for the performance of specified duties and services for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services, and in legal contemplation the compensation is adjusted accordingly. And we are not aware of any principle which should except the perils arising from the carelessness and negligence of those who are in the same employment. These are perils which the servant is likely to know and against which he can as effectually guard as the master. They are perils incident to the service, and which can be as distinctly foreseen and provided for in the rate of compensation as any other." In *Lanning v. N. Y. C. R. R. Co.*, 49 N. Y., 521. Folger, C. J., states the law as follows:

"A master is not liable to those in his employ for injuries resulting from the negligence, carelessness or misconduct of a fellow servant engaged in the same general business. Nor is the liability of the master enlarged when the servant who has sustained an injury is of a grade of the service inferior to that of the servant or agent whose negligence, carelessness or misconduct has caused the injury. * * * If they are in the employment of the same master, engaged in the same common work and performing duties and services for the same general purposes, the master is not liable."

But the same courts declare that while the general doctrine as thus stated is sustained by elementary writers of high authority and by numerous adjudications of the American and English courts, there are well defined exceptions; which resting as they clearly do, upon principles of justice, expediency and public policy, have become too firmly established in our jurisprudence to be now disregarded or shaken.

One, and perhaps the most important of those exceptions, arises from the obligation of the master, whether a natural person or a corporate body, not to expose the servant when conducting the master's business to perils or hazards against which he may be guarded by proper diligence upon the part of the master. To that end the master is bound to observe all the care which prudence and the exigencies of the situation require in providing the servant with machinery or other instrumentalities adequately safe for use by the latter.

It is implied in the contract between the parties that the servant risks the dangers which ordinarily attend or are incident to the business in which he voluntarily engages for compensation.

But it is equally implied in the same contract that the master shall supply the physical means and agencies for the conduct of his business. It is also implied and public policy requires, that in selecting such means he shall not be wanting in proper care. His negligence in that regard is not a hazard usually or necessarily attendant upon the business; nor is it one which the servant, in legal contemplation, is presumed to risk, for the obvious reason that the servant who is to use the instrumentalities provided by the master, has ordinarily no connection with their purchase in the first instance, or with their *preservation* or *maintenance* in *suitable condition* after they have been supplied by the master. *Hough v. Railway Co.*, 100 U. S., 213; *Flike v. Boston & Albany R. R. Co.*, 53 N. Y., 549.

This is a comprehensive statement of the common law applicable to the case at bar. But the learned counsel for the defendant cites Sec. 1130 Civil Code of Dakota, and insists that this Sec. places the master and employe under a different rule than the one above stated, and throws upon the latter all the hazards growing out of the negligence of his co-employe. Said section is as follows:

"An employer is not bound to indemnify his employe for losses

suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employe."

But we cannot see that the section of the statute above quoted has changed in any respect the rule of law relating to this subject. It has enacted simply the common law into the statute which cannot give it any more force than it had before such enactment. If the position of the counsel is maintainable then the company could not be held liable for an injury to an employe if the negligence of another employe was at all involved; even "though the company had been mainly in fault, unless the fault was by not using ordinary care in selecting the culpable employe."

If the position of the appellant is upheld in its full extent, it will in most cases relieve a corporate body, and any employer who acts through general superintendents, from liability to servants for injuries occasioned by imperfect and defective machinery, by unsafe mechanical means or appliances of any kind as well as by incompetent and unskillful sub-agents furnished without due care. The next section of the Civil Code clearly shows by the terms employed that an employer is not to enjoy such an immunity from liability as contended for by the appellant. It is as follows: " Sec. 1131—An employer must in all cases indemnify his employe for losses caused by the former's want of ordinary care." We are then brought to the question—What is want of ordinary care in the employer, and when and under what circumstances is he guilty of neglect within the meaning of the law and for which he must be held liable?

This section of the statute is in perfect accord with the decisions which hold that the master is liable to a servant for his, the master's, own negligence, or want of care and prudence, or for his

own personal act or misconduct, occasioning injury and damage to the servant. And such negligence, want of care and prudence, or misconduct, may be shown in the mismanagement of the master's affairs, in the selection or furnishing of improper or unsafe machinery, implements, or materials for the use of the servant, and his neglect in maintaining and keeping them in a safe and suitable condition for such use. It is claimed by the counsel for the appellant that having provided a car repairer at this yard, whose duty it was to keep the cars and machinery in repair, it was his neglect, and not the company's, that these cars were in a dangerous and unsafe condition.

We understand the principle maintained in the cases cited to be, that there are certain duties which concern the safety of the servant that belong to the master to perform, and he cannot rid himself of responsibility to his servant for not performing them by showing that he delegated the performance to another servant who neglected to follow his instructions or omitted to do the duty entrusted to him.

That the acts which the master as such is bound to perform for the safety and protection of his employes cannot be entrusted to another so as to exonerate the former from liability to a servant who is injured by the omission to perform the act of duty, and in respect to such duty the servant who undertakes to to perform it is the representative of the master, and not a mere co-servant with the one who sustains the injury. It is sometimes a little difficult to determine how far the master's duty within the rule extends. But in the case at bar there cannot be much uncertainty in that regard. The courts all agree that it is a part of the contract of hire on the part of the master, that he will furnish for the use of his servants, proper, suitable, safe and sufficient machinery and appliances, and keep them in a safe and suitable condition for such use. This is an imperative duty, a failure to perform which renders him liable as for his own neglect. *Cone*

*v. Delaware L. & W. R. R.*, 81 N. Y., 206; *Bessex v. C. & N. W. R'way Co.*, 45 Wis., 481, 110 Mass., 281; *Fuller v. Jewett*, 80 N. Y., 46; *Drymala v. Thompson*, 26 Minn., 40; *Snow v. Hoosetonic R'way Co.*, 8 Allen, 441; *Flike* v. *Boston & Albany R. R. Co.*, 53 N. Y., 549.

It is clearly made to appear in this case that the injury to the plaintiff was the result of the broken car 1804, and the defective and useless condition of the brakes upon both cars. The draw-bar and dead wood being out of car 1804, there was nothing to prevent the cars running together upon meeting with resistance. This of itself might not have caused harm to the plaintiff, but the brake on this car 1804 was out of order, defective and could not be made to work; had this brake been in proper condition the cars might have been stopped before reaching the stationary cars on the track, and plaintiff would probably have remained on that car until they were stopped; but this brake upon 1804 failing to work, as it did, the next thing for the plaintiff to do was to step onto car 2280 and attempt to set the brake on that car. That brake was also out of order, and while his foot was upon the dog for the purpose of holding it to the ratchet, the cars striking the stationary cars were forced together, and his leg was caught. Had this brake been in good condition he might still have escaped injury, as his foot would probably have been removed before the concussion. Can we say then that the failure of the defendant to keep these cars, the brakes and machinery upon them in a proper and safe condition for the use of its employes, was not negligence for which it was liable? We cannot upon the law and the facts presented in this record so decide.

The defendant alleges an error the refusal of the court before, to charge the jury as requested by defendant's counsel "that if the plaintiff knew or had reason to know of the broken or defective condition of the car before the accident to him, he cannot recover."

This instruction as a whole could not be given. It assumed that

if the plaintiff had such knowledge he could not recover under any circumstances; whereas, it is a proper question to go the jury whether the circumstances were such, even having such knowledge, he was himself in fault and for that reason not entitled to recover. But the instruction is not warranted by the evidence. as it is confined to the broken car simply; whereas there were defects in the brakes independent of the injury to the car.   Nor could it be given for the reason that "having reason to know or having means of knowledge," is not sufficient to prevent a recovery in any case.   It must be actual knowledge to have that effect.

Error is also alleged in the refusal of the court to charge the jury that certain acts and omissions of the plaintiff were negligence, and prevented a recovery, as follows:

That the placing of plaintiff's limb between the cars in question, was not a necessary act but was voluntary on his part, and that his exposure of his limb to this peril was negligence on his part prevents a recovery of damages for the injury which he received.   That the plaintiff having from experience the knowledge of the liability of cars thus employed to become broken and disabled it does not appear that he took any particular care to avoid injury from such peril and therefore cannot recover.

The question of contributory negligence on the part of the plaintiff in actions of this kind, has been held by a long line of authorities to be a question of fact for the jury.   Negligence is to be determined from all the facts and circumstances attending the case.   Certain acts may be negligence under some circumstances and not so under other or different circumstances. *Ford v. Fitchburg R. R. Co.*, 110 Mass., 261, 100 U. S., 225, 19 N. Y., 521, 15 Wall, 401.

It appears from the evidence in this case that the plaintiff immediately previous to the accident, came into the defendant's yard and found the freight train in which were the two cars in question standing on the track.   The switching and distributing of these cars

commenced at once. The plaintiff had worked in this yard but two days. He could not therefore have been very familiar with the other employes, the cars, or the work of the yard. He was ordered by the yard master to brake and stop these two cars at a certain point which evidently required hasty and immediate action; hence the question whether he did know or had reason to know of the broken and defective condition of the cars, and whether he was guilty of negligence or was reckless in acting as he did under these circumstances, were proper questions to be submitted to a jury. *Mehan Administratrix, etc. v. The Syracuse, Binghampton, & New York R. R.*, 73 N. Y., 586; *Hough v. Railway Co.*, 100 U. S. 225.

We find by looking into the record that the court did charge on these points as follows: "If the plaintiff, either from the unusual appearance of the car—as, for instance, its being attached to the next car by chains—or from any statement of the yard master or car repairer, had reason to suppose the car in question was defective or had been broken, it was his duty to take care not to expose his person to injuries which a broken or defective car might cause."

"If the jury believe the evidence of Gilboy, that statements were made by him, in the presence and hearing of plaintiff, that the car was broken, and that it should be taken out and repaired, that was sufficient notice to the plaintiff that the car was defective, and he was bound to take care not to expose his person to injury on account of such defect."

"If the plaintiff was careless, heedless or negligent at the time the injury occurred and such carelessness, heedlessness or negligence materially contributed to the injury, he cannot recover."

"If you find from the evidence that the defendant was guilty of negligence in not providing proper and safe machinery and appliances, in consequence of which neglect the injury was received;

still if the plaintiff failed to exercise that prudence, care and caution which a prudent man under similar circumstances, ordinarily would exercise, which contributed approximately to the injury, he is not entitled to recover."

The defendant cannot be heard to say in view of these instructions and the finding of the jury upon them that there is any question of contributory negligence for this court to consider. It was an issue raised by the pleadings, and evidence was given to that point by both parties which was somewhat conflicting. Under the decisions of this court the verdict is conclusive upon that issue. *Caulfield, et. al. v. Bogle*, 11 N. W., Rep., 511 and cases cited.

In such a case as the one presented in this record the burden of proof to show contributory negligence was upon the defendant. *Indianapolis & St. Louis R. R. Co. v. Hurst*, 93 U. S., 291; Wharton on Negligence, Sec. 423 and authorities cited; *Railroad Company v. Gladmon*, 15 Wall, 401.

All the questions worthy of notice have now been considered. There being nothing in the case to call for any interference with the result, the judgement of the District Court is

AFFIRMED.

All the Judges concurring.