# City Court.

### *Trial Term—March,* 1884.

## HERMAN KNUBEL *against* FLINTOLITHIC STONE AND MARBLE CO.

Denial of all knowledge or recollection by a party who, in the nature of things, ought to know whether a fact alleged be so or not, creates a question of fact, as much so as a positive denial of the fact.

Motion for new trial on the minutes.

*Arnoux, Ritch & Woodford,* for motion.

*Warren & Ethridge,* opposed.

McADAM, Ch. J.—The main objection urged against the verdict is, that it is excessive, because the jury, it is said, disregarded the evidence produced by the defendant to

Knubel *v.* Flintolithic Stone and Marble Co.

sustain the defense, that the " commission should not be payable until the defendant had received payment for the work done on the contracts procured." There is evidence on the part of the defendant showing that such a notice was given; but one McKnight; one of the defendant's witnesses, swears that the notice was not given until after all the contracts had been procured. Such a notice cannot divest the plaintiff of his right to the commissions actually earned at the time, and would affect only future transactions. The defendant claims, and proves by other witnesses, that McKnight may have been mistaken in regard to the time when this notice was given. But the difficulty is, that the evidence of McKnight is in the case, and went to the jury, and, taken in connection with the plaintiff's evidence, in which he states that he knew nothing about any such rule, *and did not remember any conversation at which such notice was given*, created a question of fact upon which the jury were required to pass.

The evidence may not be strong, but it is sufficient to sustain the finding of the jury. Denial of all knowledge or recollection by a party who, in the nature of things, ought to know whether a fact alleged be so or not, must be held to create a question of fact, otherwise the evidence of a conscientious witness might be disregarded, and considered as of no value, because he declines to be as emphatic in his statements of what occurred as the other witnesses to the transaction. Upon the entire case, the motion for a new trial must be denied.

Affirmed at the general terms of the city court, and of the common pleas.

### Witness may testify to impressions or belief.

It is competent for a witness to testify to an impression or belief, on the subject (Blake *v.* People, 73 *N. Y.* 586 ; Carr *v.* Breese, 81 *Id.* 584).

Mere impressions of a witness, unaccompanied by any circumstances, are of no avail in opposition to positive testimony. Under.

a plea of the statute of limitations, the assignor of plaintiff swore positively that a part payment had been made, but stated that he could not say positively it was made within six years, although he believed it was. The defendant swore positively that he had made no payment within six years. *Held*, that a finding of the justice in favor of the plaintiff was clearly against evidence ; that this was not a case of conflict of testimony, but of imperfect recollection on one side and positive recollection on the other (Dresser *v.* Van Pelt, 1 *Hilt.* 316).