JOHN J. HALLAHAN, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

Plaintiff, a passenger in one of defendant's cars, was sitting by an open window with his elbow on the window sill, when it was struck by a crane used to deliver the mail to passing trains. In an action to recover damages for the injury, a witness, after describing the position of the plaintiff's elbow upon the window sill, added: " I should judge that it could not project out of the window by the position that he held it in the car ; " also that "it could not be outside of the car." *Held*, that the testimony was competent; that it was not merely an opinion, but a statement of facts, without a positive allegation as to its accuracy; but, even if regarded as an opinion, as it was being based upon personal knowledge of the facts, it was competent.

Another witness, who had testified that he heard a rattling noise on the side of the car, was asked and permitted to answer under objection and exception, "Did you notice any confusion produced among the passengers by the noise on the outside of the car?" *Held* no error; that the testimony was competent as part of the *res gestæ.*

(Argued March 17, 1886; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 9, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been occasioned by defendant's negligence.

Plaintiff was a passenger upon a train on defendant's road; he was sitting by an open window of the car with his elbow on the window sill; in passing a station where the train did not stop, but took the mail from a crane placed near the track, the arm of the crane struck plaintiff's elbow, and inflicted the injury complained of.

The further facts, so far as material to the questions discussed, are stated in the opinion.

*Lewis E. Carr* for appellant. The jury were properly instructed that if the plaintiff had permitted his elbow to project beyond the side of the car, and in that position it was struck and injured, he could not recover, as the contract to carry safely does not extend beyond the limits of the car. (Thompson on Carriers of Passengers, 257, 258, and note 8, bottom of page 257; *Holbrook* v. *R. R. Co.,* 12 N. Y. 236; *R. R. Co.* v. *McClurg,* 56 Penn. St. 294.) The testimony of Daniel Creegan was improper and incompetent, because it was not the statement of a fact, but of the conclusion of the witness from certain things which were under his observation. (*Moorehouse* v. *Mathews,* 2 N. Y. 514, 515, 516; *Carpenter* v. *Eastern T. Co.,* 71 id. 574, 580; *Ferguson* v. *Hubbell,* 97 id. 507, 511, 512; *Farmers' Bk. of Washington Co.* v. *Cowan,* 2 Abb. Ct. App. Dec. 88, 90; *Platner* v. *Platner,* 78 N. Y. 90, 102;

*Ryan* v. *People*, 79 id. 593, 601; *Nicolay* v. *Ungar*, 80 id. 54, 57; *Mesner* v. *People*, 45 id. 1; *Manke* v. *People*, 17 Hun, 410; affirmed, 78 N. Y. 611; *Keller* v. *R. R. Co.*, 2 Abb. Ct. App. Dec. 480, 490; *Gutchess* v. *Gutchess*, 66 Barb. 483, 486; *Mather* v. *Parsons*, 32 Hun, 338, 346; *Rich* v. *Jackway*, 18 Barb. 357; *Webber* v. *Kingsland*, 8 Bosw. 415.) The presumption always is that the party objecting was prejudiced by the ruling against him. (*Hutchins* v. *Hutchins*, 98 N. Y. 56, 65; *Anderson* v. *R. & W. R. R. Co.*, 54 id. 334, 341; *People* v. *Gonzales*, 35 id. 59; *Church* v. *Howard*, 79 id. 415; *Swift* v. *Life Ins. Co.*, 2 T. & C. 302; *Baird* v. *Daly*, 68 N. Y. 547.) It was error to permit the plaintiff to prove what other passengers did at the time when some noise was heard outside the car. (*Anderson* v. *R. R. Co.*, 54 N. Y. 334, 342; *Hutchins* v. *Hutchins*, 98 id. 56, 65; *Twomley* v. *C. P. N. & E. R. R. Co.*, 69 id. 158; *Church* v. *Howard*, 79 id. 415; *Dilleber* v. *L. I. Co.*, 69 id. 256.)

*D. F. Gedney* for respondent. Plaintiff had the right to prove all the circumstances attending the accident, as part of the *res gestæ*, and to show that others in the car heard the noise of the collision of the crane with the car, the confusion being the result of the collision, and characterizing the force thereof. (*Twomley* v. *C. P. N. & E. R. R. Co.*, 69 N.Y. 158; *Cuyler* v. *Decker*, 20 Hun, 173; *Tooley* v. *Bacon*, 70 N. Y. 37; *Levin* v. *Russell*, 42 id. 251; *Daly* v. *Byrne*, 77 id. 182.) A witness may properly give his opinion, if based upon a fact of which he has personal knowledge. (*Howell* v. *Taylor*, 11 Hun, 214; *Casey* v. *N. Y. C. R. R. Co.*, 78 N. Y. 518; *Trantz* v. *Ireland*, 66 Barb. 386; *Blake* v. *People*, 73 N. Y. 586; *Crosby* v. *Day*, 81 id. 242; *Marston* v. *Gould*, 69 id. 220.) Evidence having been properly received, it was in the discretion of the court to retain or strike out, and the remedy was not by motion to strike out, but by request to the court to direct the jury to disregard it. (*Marks* v. *King*, 64 N. Y. 628.) The rule of defendant's liability is almost of the strictest kind. It is the utmost possible anticipation of public danger, and the utmost possible

prudence in guarding against it. (*Carroll* v. *Staten I. R. R. Co.*, 58 N. Y. 126; *Brown* v. *Central R. R. Co.*, 34 id. 404; *Brown* v. *N. Y. C. R.*, 18 id. 408; *Caldwell* v. *N. J. S. Co.*, 47 id. 282; *Drinkwater* v. *Dinsmore*, 16 Hun, 250; *Heilman* v. *Lazarus*, 65 How. 95; *Ackart* v. *Lansing*, 6 Hun, 476; *McGinley* v. *U. S. L. I. Co.*, 77 N. Y. 495.) It was not contributory negligence in the plaintiff to seat himself by the open window in the smoking car, and rest his elbow on the sill. (*Willis* v. *L. I. R. R. Co.*, 34 N. Y. 676; *Brassell* v. *N. Y. C. R. Co.*, 84 id. 241; *Weston* v. *N. Y. El. R. Co.*, 73 id. 596; *Dobiecki* v. *Sharp*, 88 id. 203.) The question of contributory negligence on the plaintiff's part is to be determined by the principle, that if the course pursued by him was one which persons of ordinary prudence and self possession would adopt, he was not negligent in so doing. (*Salter* v. *Utica & B. R. R. R. Co.*, 88 N. Y. 42; *Kellogg* v. *N. Y. Cent. R. R. Co.* 79 id. 76; *Stackus* v. *Same*, id. 468.) The law will never hold it imprudent in any one to act upon the presumption that another in his conduct will act in accordance with the rights and duties of both. (*Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9; *Steiverman* v. *White*, 48 Supr. Ct. 523; *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383.)

MILLER, J. The only questions presented upon this appeal relate to the rulings of the judge in regard to the evidence.

It is insisted by the appellant's counsel that certain testimony of one of the witnesses for the respondent, Daniel Creegan, was incompetent and improper, and that the court erred in refusing to strike out the same. The questions put to the witness were not objectionable, but it is urged that the answers were improper and should have been stricken out, in accordance with the motion made by the appellant's counsel.

The following was one of the questions put to the witness and the answer given: " Q. Just describe the position of his right elbow in reference to that window of the car? A. Mr. Hallahan sat straight up in the seat at the window and his elbow was resting on the sill, and I should judge that it could

not project out of the window by the position that he held it in the car."

Defendant's counsel objected to the latter part of the answer commencing at "and I should judge," etc., and moved to strike it out, on the ground that it was a conclusion and not a statement of fact, which motion was denied and defendant excepted. The witness was also asked : Q. "Was or was not his elbow, at the time this object struck the car, inside or outside the car window ? " to which he answered: "It could not be outside the car window; it was probably on a level with the, outside of the car ; my opinion was from the position that it was inside." Counsel for the defendant objected to this answer, and moved to strike it out, on the ground that it was the opinion of the witness and not a statement of fact, and the motion was granted as to the part "my opinion," etc. Defendant's counsel excepted to the refusal to strike out the remainder of the answer.

The objection to the first answer was upon the ground that it gave witness' opinion as to the position of the plaintiff's elbow, which would have been inadmissible if it had been asked for by a question put for that purpose. The witness had described the position of the plaintiff's arm, and his expression "I should judge" was qualified by what he had previously stated and by what he stated afterward. It was a simple statement of the facts as they actually existed, with the qualification that in the position his arm was, it could not project out of the car window. It was merely a careful statement of the facts without a positive allegation as to its accuracy, and not in the nature of an opinion alone. It may be regarded as the statement of a witness who is extremely cautious in giving evidence. The expression used and others of a similar character, such as " I think," when the facts are presented, cannot always be regarded as a mere opinion. Cases frequently arise where witnesses are called upon to state the appearance of a person at a particular time, when a question arises as to the soundness of his mind, and when the facts are stated, the witness can properly be allowed to testify as to

such appearance in a manner which to some extent involves the judgment of the witness.

Within this rule we think the answer given to the first question was not objectionable. But even if the evidence may be regarded as calling for an opinion in any way, as the testimony was based upon the personal knowledge of the facts, we think it may be considered as competent. (*Blake* v. *People*, 73 N. Y. 586.)

The cases relied upon by the appellant's counsel are not adverse to the rule laid down. The remarks we have made will apply to the answer given to the second question. The objectionable part of that answer was stricken out and what remained was proper testimony based upon the fact previously stated that the witness saw the position of plaintiff's elbow.

Another witness on the trial testified that he was sitting in about the middle of the car on the right hand side, and at this point there was a rattling noise which appeared to be on the same side; that the people looked around, apparently wondering what the trouble was; that he noticed a commotion in the forward part of the car; that he went there and saw plaintiff was hurt. He was then asked, " Did you notice any confusion produced among the passengers by the noise on the outside of the car ? "

This question was objected to on the ground that it was immaterial and improper. Objection overruled and an exception taken.

We think the plaintiff had a right to prove all the circumstances attending the accident as a part of the *res gestæ* and to show that others in the car heard the noise of the collision of the crane with the car, the confusion being the result of the collision and showing the nature thereof. Similar testimony was given by other witnesses without objection. The evidence was, we think, admissible.

We are not at liberty to review the questions of fact presented by the evidence upon the trial, and the verdict of the jury is conclusive in regard to them.

The judgment should be affirmed.

All concur.

Judgment affirmed.