44h     107
d 74 AD¹168

MARY McDERMOTT, AS ADMINISTRATRIX, ETC., OF PATRICK McDERMOTT, DECEASED, APPELLANT, *v.* THE THIRD AVENUE RAILROAD COMPANY, RESPONDENT.

*Negligence — when a witness may express an opinion, based upon what he actually saw — a nonsuit should be granted where there is a failure to establish the absence of any contributory negligence.*

Upon the trial of this action, brought by the plaintiff to recover damages sustained by reason of the death of her intestate, which was alleged to have been caused by the negligence of the defendant's employee in driving one of its horse cars in Third avenue, the only witness who testified to having seen the deceased before the accident was one Glennon, who was standing beside the driver on the front of the car. He testified that McDermott, the deceased, was between ten and fifteen feet away from the horses when the driver shouted; that after the shout McDermott came partly to a stand still; that he was outside of the line

of the track, and about four feet from the east rail of the up track, and that at the distance at which he was standing the car could have passed safely.

*Held,* that an exception to a ruling overruling an objection to a question put to the witness asking as to whether, at the distance at which the deceased was standing, the car could have passed safely, was not well taken, as the witness had been in the employ of the company, taking care of horses, for nearly five years, and the subject as to which he was interrogated was a matter as to which any person of ordinary intelligence could properly testify.

*Hallahan* v. *New York, Lake Erie and Western Railroad Company* (102 N. Y., 199) and *Blake* v. *People* (73 id., 586) followed.

That, on the facts so proven, the plaintiff was properly nonsuited for not establishing that the deceased was free from contributory negligence.

*Tolman* v. *Syracuse, Binghamton and New York Railroad Company* (98 N. Y., 198); *Barker* v. *Savage* (45 id., 191) followed.

APPEAL by the plaintiff from a judgment dismissing the complaint, on the ground that there was no evidence showing negligence on the part of the defendant, and also on the ground that the absence of contributory negligence was not shown on the part of the deceased, but that the presence of contributory negligence had been proven on his part.

The complaint alleges that on the evening of the 7th of February, 1885, Patrick McDermott, late of the city of New York, now deceased, while endeavoring to cross Third avenue at the corner of One Hundred and Seventeenth street in said city, without any fault or negligence on his part, was through the negligence, default and wrongful act of the defendant, its agents and servants, struck by one of the defendant's cars and knocked down and had the bones of his leg severely fractured by one of the wheels of said car, from which injuries he died on the 8th of February, 1885.

The answer of the defendant denies this allegation in substance, and alleges that the injuries in the complaint alleged to have been sustained by Patrick McDermott, were caused solely or in part by the negligence of said McDermott.

*E. T. Wood,* for the appellant.

*Walter N. Cohen,* for the respondent.

LAWRENCE, J.:

It was held by the Court of Appeals in the case of *Tolman* v. *Syracuse, Binghamton and New York Railroad Company*

(98 N. Y., 198) that: "In an action for negligence, causing death, the burthen of establishing affirmatively freedom from contributory negligence is upon the plaintiff, and while, although there were no eye-witnesses of the accident, and although its precise cause and manner of occurrence are unknown, absence of contributory negligence may be established sufficiently to make it a question of fact for the jury, by proof of such facts and surrounding circumstances as reasonably indicate or tend to establish that the accident might have occurred without negligence on the part of the deceased; yet if the facts and circumstances, coupled with the occurrence of the accident, do not indicate or tend to establish the existence of some cause or occasion therefor, which is consistent with proper care and prudence, the inference of negligence is the only one to be drawn, and the defendant is entitled to a nonsuit."

In this case the only witness who testified to having seen the deceased before the accident was James Glennon, who was standing beside the driver on the front of the car. He testified that McDermott was between ten and fifteen feet away from the horses when the driver shouted. He further testified that after the shout McDermott came partly to a standstill; that he was outside of the line of the track and about four feet from the east rail of the up track, and that at the distance at which he was standing the car could have passed safely. The question as to whether, at the distance at which the deceased was standing, the car could have passed safely, was objected to, and exception was taken to its allowance. I am of the opinion that that exception was not well taken. The witness was on the front of the car, and had been in the employ of the company, taking care of horses, for pretty nearly five years, and the subject as to which he was interrogated was a matter as to which any person of ordinary intelligence could properly testify.

In *Hallahan* v. *New York, Lake Erie and Western Railroad Company* (102 N. Y., 199), Miller, J., in delivering the opinion of the court, says in regard to a somewhat similar question: "But even if the evidence may be regarded as calling for an opinion in any way, as the testimony was based upon the personal knowledge of the facts, we think it may be considered as competent." (See, also, *Blake* v. *People*, 73 N. Y., 586.)

It seems that under the decision of *Tolman v. Syracuse, Binghamton and New York Railroad Company* (98 N. Y., 198), on the facts proven at the trial, the plaintiff was properly nonsuited for not establishing that the deceased was free from contributory negligence. Under that case and the case of *Barker v. Savage* (45 N. Y., 191) it was necessary for the plaintiff to establish, before recovery could be had, that the deceased was free from contributory negligence. As has been before stated, the only evidence in the case from an eye witness was that given by James Glennon, who testified that McDermott was between ten and fifteen feet in front of the horses, and came thereupon partly to a standstill, being at that time four feet outside of the track, and that at the distance at which he was standing the car could have passed safely. Such being the uncontradicted evidence, it is immaterial whether the defendant was guilty of negligence, or whether any of the exceptions to the admission or rejection of evidence were properly taken, it having been determined that the objection and exception to the evidence of Glennon, heretofore referred to are untenable.

I am, therefore, of the opinion that the dismissal of the complaint was correct, and that the judgment below should be affirmed, with costs.

Van Brunt, P. J., and Bartlett, J., concurred.

Judgment affirmed, with costs.