HUIGENS, Respondent, v. CRILLY, et al, Appellants.

(179. N. W. 10.)

(File No. 4738.    Opinion filed September 24, 1920.)

1.  **Receivers—Appointment of Ex Parte, Permissibility—Statute Construed.**

    Under Sec. 2475, Code 1919, providing, among other things, for appointment of a receiver between partners or others, joint-ly owning or interested in property or fund, on application of plaintiff, etc., and Sec. 2477, providing that if receiver be ap-pointed upon exparte application, court may require from

applicant undertaking, etc., a receiver may be appointed pending
suit, by exparte order of court without notice to opposite party,
when made upon sufficient showing.

2. Same—Co-partners in Realty, Money, Etc.,—Allegation of "Dif-
ferences" Between Parties Re Winding Up, Sufficiency of
Showing—Statute—Clear Showing Necessary.

Where complainant as basis for application for a receiver to
take possession of realty, accounts and money, belonging to a
partnership composed of plaintiff and defendant, and which
alleges no other or different grounds for such appointment
than that "differences have arisen between the parties in refer-
ence thereto" and that it· is impossible for the parties them-
selves to wind up the affairs; held, construing Sec. 2475, Code
1919, providing that a receiver may be appointed by court or
judge in a pending action between partners or others jointly
interested in any property or fund, on showing that same is
in danger of being lost, removed or materially injured, or
where it appears from usages of courts of equity a receiver
should be appointed, that the statute authorizes such appoint-
ment only upon showing that such property is in danger of
being lost, etc., and while such ·complaint may suffice as basis
for dissolution of partnership and distribution of its assets, it
fails to state facts warranting appointment of receiver; and an
allegation that the understanding was that the co-partnership
should cease doing business and its affairs be .wound up, and
that plaintiff so desires, shows no breach of duty or any mis-
conduct on defendant's part. Necessity for such appointment
must clearly appear from facts stated.

3. Same—Sufficient Showing, Court's Discretionary Appointment.

Where a showing has been made that might justify court or
judge in appointing a receiver, it is then discretionary for court
to determine whether under circumstances shown a receiver
pendente lite should be appointed.

Smith and Gates, JJ., not sitting.

Appeal from Circuit Court, Gregory ·County. Hon. Wil-
liam Williamson, Judge.

Actoion by Bernard J. Huigens, against George J. Crilly and
others, to effectuate the winding up of a co-partnership. From
an order appointing a receiver to take possession and distribute
the co-partnership's property, defendants appeal. Reversed.

E. O. Patterson, for Appellants.

W. J. Hooper, for Respondent.

(1) To point one of the opinion, Appellant cited: 34 Cyc.

117, High on Receivers, 3rd Eid., Secs. 111, 112; Dewalaar v. Schreek et al., 86 N. W. 185, 187.

(2)    To point two, Appellants cited: 34 Cyc. 126; High on Receivers, 4th Ed., page 669, Sec. 486; Larsen v. Winder, 44 Pac. 123.

Respondent cited: McElvey v. Lewis, 76 N. Y. 373; 30 Cyc. 726; Bernheimer v. Schmid, 73 New York Supplement, 767.

McCOY, P. J.    This is an appeal from an ex parte order appointing a receiver to take possession and distribute the property of a copartnership. The order appealed from was based wholly on the allegations of a verified complaint. Appellant assigns that the circuit court erred: First, in granting said order without notice to defendants, the appellants; and, second, that the showing made by the allegations of the complaint is wholly insufficient to warrant or authorize an exparte order appointing a receiver.

[1]    We are of the opinion that the statute of this state permits and authorizes the appointment of a receiver, pending suit, by ex parte order of the court, without notice to the opposite party, when made upon sufficient showing. Sections 2475 and 2477, Code 1919.

[2-3]    In substance the complaint alleged that the plaintiff and defendants are and have been copartners doing business under the firm name of Bonesteel Farm Loan & Realty Company; that plaintiff has a two-fifths interest in said copartnership; that the assets of said copartnership consists of real estate, accounts and money, amounting to about $19,000 in value; that in September, 1919, plaintiff removed from this state, since which time he has taken no active interest in the affairs of said copartnership, but that the understanding was that the same should cease doing business and the affairs be wound up; that the affairs of said copartnership have not been wound up; that plaintiff desires to have the affairs of said partnership wound up and for that purpose it is necessary that a receiver be appointed to take charge of the partnership assets and distribute the same to the several parties; and that differences have arisen between the parties in reference thereto, and it is impossible for the said parties to wind up said affairs themselves. Wherefore, plaintiff demands judgment that said partnership be dissolved and that a receiver

be appointed to take charge of the assets and affairs of said partnership and wind up the same and distribute the same to the several parties according to their several rights. Section 2475, Code 1919, provides that a receiver may be appointed by the court, or judge thereof, in which an action is pending, between partners or others jointly owning or interested in any property or fund, on the application of plaintiff, where it is shown that the property or fund is in danger of being lost, removed, or materially injured, or where it appears by the usages of courts of equity a receiver should be appointed. The plain import of this statute is that the court is only authorized to appoint a receiver, pending suit, upon a showing that the partnership property is in danger of being lost, removed, or materially injured, or that some other ground therefor in equity appears. While the complaint in this action may be sufficient as a pleading for the purposes of dissolution of said partnership and the distribution of the partnership assets, still, we are of the opinion that this complaint contains no showing, that is, states no facts that would on any ground authorize the appointment of a receiver pending the action. There is nothing in this complaint which tends in the slightest degree to show that the partnership property is in any danger of being lost, removed, or materially injured, or that tends to show the existence of any other equitable ground that would authorize such appointment of a receiver. There is nothing tending to show any breach of duty or any misconduct of any kind on the part of defendants. For all the court knows, the "differences" mentioned in the pleading might have been caused by the wrongful acts or demands of plaintiff. The necessity for the appointment of a receiver pending suit must clearly appear from the facts stated. Where a showing has been made that might justify the court or a judge thereof in appointing a receiver, it is then a discretionary matter for the court to determine whether, under the circumstances shown, a receiver should be appointed pending suit. The complaint in this case is insufficient to call into action such discretionary power of the court. Clark on Receivers, § 116; Bates on Partnership, §§ 993, 994, 995; Modern Law of Partnership, § 721; 30 Cyc. 736; High on Receivers, § 486; Benepe-Owenhouse Co. v. Scheidegger, 32 Mont. 424, 80 Pac. 1024; 23 R. C. L. 30.

The order appealed from is reversed.
SMITH and GATES, JJ., not sitting.