## ROSENBERG v. TITSA. (No. 11549.)*

(Court of Civil Appeals of Texas. Fort Worth. Oct. 31, 1925. Rehearing Denied Dec. 5, 1925.)

1. **Receivers ⬤⟳32—Petition for appointment of receiver held not to make prima facie case, in absence of showing that property is in danger of being lost.**

Petition for appointment of receiver, under Rev. St. 1911, art. 2128, by joint owner in possession and managing store, *held* not to make a prima facie case, where no showing that property was in danger of being lost, removed, or materially injured other than by threat of joint owner to have receiver appointed in another county; it being presumed that court of another county would refuse to take jurisdiction.

2. **Receivers ⬤⟳6—Suit for appointment of receiver subject to rule applying to injunctions denying relief, where petitioner has adequate remedy at law.**

Under Rev. St. 1911, art. 2155, suits for appointment of receivers are subject to rule applying to injunctions, under article 4643, subds. 1 and 3, denying relief, where petitioner has an adequate remedy at law, and joint owner of a store seeking appointment of receiver has an adequate legal remedy for partition, under Rev. St. 1911, arts. 6096–6115, and articles 6116–6121.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 20, 1926.

(278 S.W.)

**3. Partnership ⚖️⇒119—Joint owners not entitled to appointment of receiver, under statute applying to copartnerships.**

Petition for appointment of receiver, containing no special allegation of partnership nor facts which would make parties partners, does not entitle petitioner to appointment of receiver of store jointly owned, under Rev. St. 1911, art. 2154, applying to copartnerships.

**4. Receivers ⚖️⇒32—Party seeking appointment of receiver of property of another at ex parte hearing must show in petition right to relief.**

A party seeking appointment of receiver, with authority to control property of another, at an ex parte hearing of mere allegations in petition, without giving other party an opportunity to be heard, has burden of showing in his petition right to relief demanded.

**5. Partnership ⚖️⇒119—Petition for appointment for receiver for partnership effects insufficient.**

Though petition for appointment of a receiver alleges partnership, a further allegation that parties are "joint owners of, each owning an undivided one-half interest in," the property sought to be partitioned, negatives any inference that property is partnership effects, leaving partnership to relate only to conduct of business which can be dissolved at will of either partner, terminating the business, and leaving nothing to be administered by a receiver.

**6. Partnership ⚖️⇒119—Partner, possessing and controlling partnership property, cannot have receiver appointed over it.**

A partner, having property in his possession with full control over it, cannot have a receiver appointed over partnership.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Nick Titsa against L. G. Rosenberg. A receiver was appointed ex parte on plaintiff's petition, and defendant appeals. Order reversed, appointment annulled, receiver discharged, and decision certified to trial court.

William Nathan, of Houston, and Phillips, Trammell & Chizum and Mack & Mack, all of Fort Worth, for appellant.

McCart, Curtis & McCart, of Fort Worth, for appellee.

DUNKLIN, J. L. G. Rosenberg, defendant in the trial court, has appealed from an order made on application of Nick Titsa, plaintiff in the case, appointing a receiver for a certain restaurant known as the Coney Island Sandwich Shop, located in the city of Fort Worth, together with all fixtures, furniture, and other equipment used in the conduct of said business, and a lease upon the building in which said business was conducted.

The receiver was appointed upon an ex parte hearing of the plaintiff's verified first amended petition, which was filed August 19, 1925, and no opportunity was given the defendant to oppose such appointment before it was made.

It was alleged in plaintiff's first amended petition that plaintiff and defendant each owned an undivided half interest in the restaurant, and the equipment thereof, as well as the lease, and that the plaintiff was and had been conducting and managing the business; that he is an experienced restaurant man; and that his services as such manager are reasonably worth $60 a week.

The following facts were alleged in the petition as grounds for the appointment of a receiver: Plaintiff and defendant have been unable to amicably agree upon the disposition of said property, business, and lease, or upon the sale by either of them to the other of his interest therein. Said property is of the reasonable value of $3,000 and is not capable of partition in kind, and this suit has been instituted by plaintiff for the purpose of having the same partitioned and sold and the proceeds of the sale divided between them according to their respective interests.

It was further alleged in the amended petition that the original petition for the appointment of a receiver was filed August 6, 1925, and citation thereon was promptly issued and served on the defendant; that after the trial court had thus obtained exclusive jurisdiction of the subject-matter and of the parties to the suit, and was therefore the proper court to appoint a receiver to take charge of the business, the defendant threatened to file suit in Harris county, where he resided, for an accounting between the parties and for the appointment in that county of a receiver to take charge of and wind up the business; that no other court except the one in which the suit was filed has jurisdiction to entertain the suit or to appoint a receiver of said business; and that the only purpose of the defendant to file such a suit in Harris county will be to pile up expenses and charges against the business and to so hamper it as to cause a practical loss of the value of the said property used in the business, and as a result of such proceeding the business will be of very little value as a going and operating concern.

It is alleged that, by reason of the facts above noted, it was imperative that a receiver be appointed immediately upon plaintiff's ex parte application with power and authority to take charge of and operate the business and purchase such supplies and employ such help and pay for the same as may be necessary in the proper conduct of the business, until the suit may be tried and the property partitioned and sold under order of the court. By the order appointing the receiver he was vested with those powers.

[1] Assuming as true all the allegations in

the petition, the same did not constitute a prima facie showing for the appointment of a receiver. Thus it appears from the face of the petition that the plaintiff and the defendant each own an undivided interest in the equipment used in the restaurant business, with no allegation that the same are, as between the parties, partnership effects, and that the suit is one for a partition of that property.

Article 2128, Rev. Statutes, reads, in part, as follows:

"Receivers may be appointed by any judge of a court of competent jurisdiction in this state, in the following cases:

"1. In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between the partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured. * * *

"4. In all other cases where receivers have heretofore been appointed by the usages of the court of equity."

Subdivision 1 of that article is the one upon which appellee relies to sustain the act of the court in appointing the receiver in this case. While, by the terms of that statute, the appointment of a receiver in suits between partners or others jointly owning or interested in any property or fund is expressly authorized, yet the authority so given is upon the express condition that a showing be made that the property or fund is in danger of being lost, removed, or materially injured if a receiver is not appointed. There is no showing in the petition that the property belonging to the parties to the suit is in danger of being lost, removed, or materially injured other than by the threat on the part of the defendant to institute suit in Harris county and there have appointed a receiver clothed with the same authority as that sought to be given the receiver that was appointed by the judge of the court in which this suit was filed. There is no allegation that the costs resulting from the appointment of a receiver by the district court of Harris county would result in any greater loss to the property than would result from the appointment that was made by the district court of Tarrant county. If it be true that such would be the result of an appointment of a receiver in Harris county, it follows, logically, that by reason of the appointment of a receiver by the district court of Tarrant county the property and business owned by the parties to the suit will "in all likelihood be to a large extent lost and very materially injured, and the result of such litigation will be that said business will have large charges incurred against it and will be

of very little value as a going and operating concern," as plaintiff alleges in his petition will be the result of a receivership proceeding in Harris county. Such a showing is the reverse of the statutory requirement that in order to appoint a receiver it must appear that in the absence of such appointment the property is in danger of being lost, removed, or materially injured.

Moreover, it must be presumed that the district court of Harris county would refuse to take jurisdiction of the suit and appoint a receiver after the jurisdiction of the district court of Tarrant county had first attached, and there is no showing in the petition that the court in Harris county would have done otherwise.

Furthermore, according to the allegations in the petition, plaintiff is in possession of the business and property, with full control and management of it, and with power to conduct the operations of the business, and there is no showing in the petition that the defendant has made any objection to his so doing. Nor is there any showing that a receiver could conduct the business more efficiently and with less expense than can the plaintiff; in fact, it may be reasonably inferred from the allegations in the petition that the contrary is true.

[2] In Hill v. Brown, 237 S. W. 252, it was held by the Commission of Appeals, which holding was approved by our Supreme Court, that subdivisions 1 and 3 of article 4643, Rev. Statutes, authorizing the issuance of a writ of injunction where it appears that the party is entitled to the relief demanded, and such relief requires the restraint of some prejudicial act, do not give the right to the complainant to the issuance of such an injunction if it appears that he has an adequate legal remedy for the wrong complained of. And we perceive no sufficient reason why the same rule should not apply to suits for the appointment of receivers, since the right to an injunction and the right to the appointment of a receiver are founded upon the same equitable principles, and since the following are the provisions of article 2155 of our Revised Statutes:

"In all matters relating to the appointment of receivers, and to their powers, duties and liabilities, and to the powers of the court in relation thereto, the rules of equity shall govern whenever the same are not inconsistent with the provisions of this chapter and the general laws of the state."

Chapter 1, title 101, provides a legal remedy for a partition of real estate, and chapter 2, of the same title, likewise provides a legal remedy for the partition of personal property, and the remedies provided by those statutes appear to be fully adequate to accomplish the relief for which this suit was instituted.

[3] Article 2154, Rev. Statutes, reads as follows:

"No receiver shall ever be appointed of any joint stock, incorporated company, or of any copartnership or private person, on the petition of such joint stock, incorporated company, partnership or person; provided, that any stockholder or stockholders of such joint stock or incorporated company may have his or their action against such company, and may have a receiver appointed as in ordinary cases; and provided, further, that nothing herein shall prevent a member of any copartnership from having a receiver appointed whenever a cause of action arises between the copartners."

And appellee insists that his petition is sufficient to entitle him to the appointment of a receiver under that statute.

[4] The petition contains no specific allegation of partnership between the parties nor of any facts which would necessarily make them partners, such as an agreement to share either profits or losses of the business. It is a familiar rule that in order to entitle a party to the appointment of a receiver clothed with authority to take charge and control of property belonging to another, without giving that party an opportunity to be heard, and on an ex parte hearing of the mere allegations in the petition, the burden is upon the applicant to make a clear showing in his petition of right to that relief.

[5] Even though it should be held that the petition alleges a partnership between the parties and that it should be construed as an application for appointment of a receiver of partnership effects, still the allegation that plaintiff and defendant are "joint owners of, each owning an undivided one-half interest in" the property used in the restaurant business and specifically set out, which plaintiff sought to have partitioned between them, negatives any inference that the same was partnership effects, and that is the only property sought to be placed in the hands of a receiver. With no partnership property on hand to be administered, the partnership, if any exists, relates only to the conduct of the business with the use of such property, which can be dissolved at will by either partner, thus terminating the business and leaving nothing to be administered by a receiver.

[6] While unnecessary to the decision of this case, yet we desire to note the following authorities which hold that there can be no ground for appointing a receiver of a partnership at the instance of a partner where the partner applying has the property in his possession with full control of it: Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 343; Huigens v. Crilly, 43 S. D. 371, 179 N. W. 10; Smith on Receivers (2d Ed.) §§ 122, 379; Sanborn v. Nelson (Tex. Civ. App.) 134 S. W. 855; People's Inv. Co. v. Crawford (Tex. Civ. App.) 45 S. W. 738; Gen. Oil Co. v. Ferguson (Tex. Civ. App.) 224 S. W. 261; Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266; Alto Cotton Mills v. Berryman (Tex. Civ. App.) 218 S. W. 513; Simpson v. Alexander (Tex. Civ. App.) 188 S. W. 285.

For the reasons noted, the order of the district court appointing a receiver in this case is reversed, and the appointment is set aside and annulled, and the receiver discharged, and this decision will be certified to the trial court for observance.

BUCK, J., not sitting.