## JOHNSON, Appellant v. KUNZ, Respondent
### (58 N. W.2d 227)
(File No. 9305.   Opinion filed April 22, 1953)

**C. A. Christopherson, Jr.,** and **James O. Berdahl,** Sioux Falls, for Appellant.

**Danforth & Danforth,** Sioux Falls, for Respondent.

ROBERTS, P. J. Plaintiff Joe Johnson alleged that under an agreement dated March 8, 1949, he entered into a partnership with defendant Bernard M. Kunz under the firm name of Green Electric to engage in the electrical wiring and construction business; that defendant has control of the partnership business and property and refuses to make an accounting; and that said assets are being wasted. Plaintiff prayed for dissolution of the partnership, an accounting of its assets, and the appointment of a receiver. Plaintiff made application founded upon an affidavit and the complaint for an order to show cause why a receiver should not be appointed to control and manage the property of the partnership. Defendant in opposition to the application filed an affidavit claiming that the partnership had been dissolved by mutual agreement and that plaintiff had transferred his interest in the partnership to the defendant. The trial court was of the opinion that the matter of the appointment of a receiver should not be determined upon affidavits and hearing was continued to a later date when testimony was given orally by the parties with reference to their relationship. The court found "that a partnership did exist" but that the "partnership was dissolved and terminated by mutual agreement on the 15th day of August, 1950 * * * and that from that time on there existed no partnership" and that "no ground or reason for appointing a receiver" existed because there was no partnership property. After the entry of the order denying application for a receivership, defendant filed his answer to the complaint. Plaintiff has appealed from the order denying him the relief asked.

The error assigned is that the evidence does not sustain the findings that there had been a dissolution and that no partnership relationship existed between plaintiff and defendant at the commencement of the present action.

There was other litigation between the parties growing out of their business relations. The factual background is stated in Kunz v. Johnson, 74 S.D. 577, 57 N.W.2d 116, and need not be repeated. Respondent in support of his contention that he is the sole and exclusive owner of the electrical business relies upon the bill of sale executed and delivered by

appellant to respondent on August 15, 1950, transferring the "wiring business; all wiring materials; all shop wiring tools; desk; filing cabinet; Ford truck; all wiring accounts, rights and good will." Appellant contends that the bill of sale was delivered to respondent to enable him to obtain a loan and not for the purpose of terminating the partnership; that this conclusion is substantiated by the written statement which was signed and delivered by appellant at the time of the execution and delivery of the bill of sale reciting that "for a further sum of $2,000.00 payable at $50.00 per month or in multiples of $50.00 Bernard M. Kunz may purchase and become the sole owner of the Green Electric business, accounts and equipment pertaining to wiring". Respondent exercised the option and it is admitted that he has paid a number of monthly installments. Appellant admitted that he testified in other litigation to the effect that respondent was first employed, then a partner, and thereafter the owner of the electrical business.

■ SDC 37.2601, omitting portions not here relevant, reads as follows:

"A receiver may be appointed by the court in which an action is pending, or by the judge thereof: (1) On the application of the plaintiff or of any party whose right to or interest in the property, funds, or proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured, in any of the following actions: * * * (c) Between partners or other jointly owning or interested in any property or fund; * * *

* * * * *

"(6) In all other cases where receivers have heretofore been appointed by the usages of courts of equity."

The statute is permissive and when a showing has been made that might justify the appointment of a receiver it is then a discretionary matter for the court to determine whether, under the circumstances, a receiver should be appointed pending suit. Huigens v. Crilly, 43 S.D. 371, 179 N.W. 10. The power of appointment under the statute is to

be exercised with reference to the facts of the case and in furtherance of justice.

■ The existence of the partnership sought to be dissolved is in dispute. Respondent is in possession of the assets and conducting the business under claim of sole ownership and not for the purpose of winding up the partnership. A person claiming to be a partner is not entitled to the appointment of a receiver when the existence of the partnership is denied and there is a substantial doubt involving the issue. 23 A.L.R.2d 628; High on Receivers, § 476. Counsel disagree as to the effect of certain evidence, but we find no sound basis for the claim that the action of the trial court was unwarranted by the facts and circumstances presented by the record. This court will not weigh the evidence on appeal.

The order appealed from is affirmed.

RUDOLPH, SMITH and LEEDOM, JJ., concur.

SICKEL, J., concurs in result.