No. 14,968.

## BARRETT ET AL. *v.* SEAR.

TRUST.— *Conveyance of Land in Violation of.—Purchaser's Knowledge.—Action to Quiet Title.—Evidence.*—B., who was insane, conveyed a piece of land, which was encumbered, to his son for the purpose of borrowing money to pay off the mortgage. The son was to hold the title in the land as trustee for B. and wife. The son permitted the mortgage to be foreclosed, and had a firm of real estate agents buy the sheriff's deed, and execute a quitclaim deed to him, he giving them a mortgage on the land to secure their indebtedness. The son thereafter conveyed the land to S. who was informed and knew before he purchased or took the conveyance of the land, that his grantor only held the land as trustee for B. and wife, and that he had paid no consideration therefor.

*Held*, that in an action by S. against B. and wife to quiet his title to said real estate, it was competent for B. to show that he was insane at the time he executed a deed for the land to his son, that the son paid no consideration therefor, and that S. purchased the land with full knowledge of all the facts.

*Held*, also, that S. acquired no better title to the land than his grantor possessed.

From the Fulton Circuit Court.

*M. R. Smith, M. L. Essick, O. Montgomery, G. W. Holman* and *R. C. Stephenson,* for appellants.

*J. Rowley* and *M. A. Baker,* for appellee.

OLDS, C. J.—This action was brought by the appellee, William Sear, against the appellants, Alexander and Malona Barrett, who are husband and wife, to quiet appellee's title to the land described in the complaint, being about 185 acres situate in Fulton county, Indiana.

The appellants filed an answer, in which it is alleged that, on and prior to the 14th day of March, 1883, the appellant Alexander Barrett was the owner of the land in controversy, of the value of $8,000; that there was a mortgage on the land, executed by the appellants before that date to one Charles W. Welch, for $2,200, upon which the interest was due and the principal about to become due, and it was neces-

sary to renew the loan or borrow money from some other source to pay off the mortgage ; that before the 14th day of March, 1883, said Alexander had become insane, and has ever since been insane, and on account of his insanity persons having money to loan refused to loan it to him ; that it was agreed between appellants and their son-in-law, Michael C. Brown, that the said Alexander Barrett and his wife Malona should convey the said land to said Brown in trust for them, the said Brown to borrow money to pay off said mortgage of $2,200, and to mortgage the land to secure the same ; that Brown failed to procure a loan of money in pursuance of their said agreement, and by a further agreement the land was conveyed by Brown to John J. Barrett, a son of the appellants, who was to hold the title in the land as trustee for the appellants, and to secure a loan of a sufficient amount of money to pay said mortgage debt due to Welch. In the meantime Welch had foreclosed his mortgage, and had the land sold at sheriff's sale, and on his foreclosure became the purchaser, and took a certificate of purchase for the same ; that John J. Barrett, in pursuance of the agreement by which he had obtained title to the land, contracted with the firm of Gilmore & Snyder, loan agents, to furnish money and to purchase and take an assignment of the certificate of purchase from Welch, and take a sheriff's deed for the land, and convey the same to said John J. Barrett by quitclaim deed, and said John J. Barrett was to execute to said Gilmore & Snyder a mortgage on the land for the amount of the principal, interest and attorneys' fees, and for the value of their services, which was to be $100, all of which was done in pursuance of the contract under which John J. Barrett took the land, and he executed his mortgage on the land to said Gilmore & Snyder for the sum of $2,800, which is yet unpaid and a lien on said land ; that afterwards, on the 23d day of August, 1886, John J. Barrett, in violation of his trust and without authority, conveyed said lands to the appellee in exchange for a title bond to some lands in

the State of Missouri, which are of no value, and for which
he has never received a deed, and which appellee still has
and refuses to convey to him; that the appellants always
lived upon and remained in possession of said lands; that
appellee lives within thirteen miles of said land, was upon
the farm before he pretended to purchase the same, and knew
that Alexander Barrett was of unsound mind, talked with
the wife Malona, and was informed and knew before he pur-
chased or took the conveyance that the said John J. Barrett
only held the land as trustee for appellants, and that it was
only conveyed to him for the purpose of his making a loan
with which to pay the original mortgage; that he had paid
no consideration for the same.

The appellee demurred to the paragraph of answer, setting
up the foregoing facts, which demurrer was overruled, and
he filed a reply in denial.

Appellants also filed an answer in denial.

The question presented by the record and discussed by
counsel arises on the overruling of appellants' motion for a
new trial, and relates to the introduction of evidence.

It was admitted by the parties that the appellant, Alex-
ander Barrett, owned the land. Appellee then made proof
of the execution of the mortgage by the appellants to Welch,
the foreclosure of the same and sale, showing a sale to
Welch, the issuing of a sheriff's certificate to him and its
assignment to Gilmore & Snyder and a sheriff's deed to
them, their deed to John J. Barrett and his deed to appellee.
The appellants then offered to make proof of the agree-
ments by which the land was conveyed by appellants to
Brown, and from Brown to John J. Barrett; that there was
no consideration for such conveyances or either of them;
that the purchase of the certificate by Gilmore & Snyder
and the taking of the deed by them, and their conveyance to
John J. Barrett and the taking back of the mortgage, were all
done in pursuance of an agreement made in advance between
them and said John J., and that it was in fact but a loan to

John J. in pursuance of the agreement under which he had taken title to the land; that the land having been sold the mode of taking a deed and reconveying by quitclaim deed was resorted to instead of a redemption, and to prove the insanity of the said Alexander at the time of the execution of the deed to Brown; that appellants at all times retained possession, and that this information as to all the facts was imparted to the appellee before he contracted for or received a conveyance for the land. This proof was offered to be made by offering the deeds in evidence, and to make proof of the other facts by competent witnesses. Objections were made and sustained, and exceptions were reserved. No question is made as to the form of making or offering to make the proof. The sole question presented is as to the competency of evidence of this character.

It is contended by counsel for the appellee that as the appellee established a title through the sale on the foreclosure of the mortgage and mesne conveyances, the facts alleged did not constitute a defence and could not be proven.

The facts alleged constituted a good defence to the action. At the time of the conveyance by the appellants to Brown, the son-in-law, Alexander Barrett was of unsound mind, which fact was known to the grantee Brown, and there was no consideration for the conveyance, and Alexander retained possession of the land. Brown could not have maintained an action against the appellants to quiet title or for the possession. John J. Barrett, with the knowledge of the facts, received a conveyance for the land and paid no consideration for the same. Both Brown and John J. Barrett took a conveyance of the land for the purpose of mortgaging it to secure a loan to pay off an encumbrance. While they held the naked legal title the deed from Alexander Barrett and his wife was voidable, and Alexander was the equitable owner of the land.

John J. Barrett, in pursuance of his parol contract, made an agreement for the loan of money to pay off the

debt. Instead of taking the money borrowed and paying off the mortgage debt, and redeeming the land, he contracted with the lenders to purchase the certificate of purchase and take a deed and convey the land to him by quitclaim deed. This they did, and he mortgaged the land to them to secure the amount paid out by them, and their fees and commission in addition.

The land to which the contracts related was the land of Alexander Barrett. By the failure of John J. to borrow the money and pay off the mortgage debt, as he had contracted to do, and allowing the land to sell and the deed to issue to another, who by agreement was to and did reconvey it to him upon his mortgaging the land for the amount of the debt, he acquired no better title to the land than he had by virtue of his original conveyance. John J. Barrett has paid nothing for the land, but simply pledged the land, which in equity belonged to Alexander, for the repayment of the debt. The appellee purchased the land with full knowledge of all the facts, and the appellant Alexander is not estopped from avoiding the voidable deed which he executed to his son-in-law Brown for the land. Procuring a deed to issue on the sheriff's certificate to Gilmore & Snyder, and having them convey the land to him, John J. Barrett, with a view of obtaining a valid title to the same as against the appellants, was a fraud upon the right of the appellants. The only thing of value given in consideration for such conveyance as appears from the facts was the mortgage upon the land, which was in fact owned by the appellant Alexander, and in which John J. had no interest, and which was worth five thousand dollars more than the mortgage debt. The taking of the deed under the facts as alleged vested the title in John J. in trust for Alexander. The property mortgaged and pledged for the purchase-money was the property, the land, of said Alexander. *Hull* v. *Louth*, 109 Ind. 315; *Gray* v. *Turley*, 110 Ind. 254; *Physio-Medical College, etc.*, v. *Wilkinson*, 108 Ind. 314; *Musselman* v. *Cravens*, 47 Ind. 1; *Rupert* v. *Morton*, 19 Ind. 313;

*Arnold* v. *Cord*, 16 Ind. 177 ; *Baker* v. *Leathers*, 3 Ind. 558 ; *Cox* v. *Arnsmann*, 76 Ind. 210.

The evidence offered was competent, and should have been admitted.

The court erred in overruling the motion for a new trial.

Judgment reversed, at costs of appellee, with instructions to grant a new trial.

