Thomas Baker, appellant, v. Daniel Coon et al., appellees.

Filed March 1, 1918. No. 19887.

False Imprisonment: Statements to Officers: Liability. One who merely states to an officer what he knows of a supposed offense, without making any charge or requesting an arrest, does not thereby make himself liable for false imprisonment.

Appeal from the district court for Lancaster county: Willard E. Stewart, Judge. *Affirmed.*

*Wilmer B. Comstock,* for appellant.

*Byron Clark, Strode & Beghtol* and *Jesse L. Root,* contra.

Morrissey, C. J.

Action to recover damages for false imprisonment. Plaintiff had purchased a ticket entitling him to transportation over the Chicago, Burlington & Quincy Railroad from Lincoln to Denver, and was in the passenger depot awaiting the arrival of the train he expected to take, when the defendant Coon, who had also purchased a ticket from the same company, complained to defendant Hanson, who was then the passenger director of defendant railroad company, that plaintiff had picked his pocket. The passenger director went with Coon to plaintiff, and, according to the testimony of plaintiff, told Coon that he was under arrest, explaining that Coon charged him with having picked his pocket. The evidence does not entirely agree as to the exact language used, but for the purpose of this statement we are taking plaintiff's story as true. Plaintiff denied the truth of the charge, and offered to be searched. Presently a policeman in the employ of the city of Lincoln entered the depot. His attention was called to the complaint Coon had made. The passenger director then proceeded about his regular duties,

leaving plaintiff, Coon and the policeman together. Plaintiff again offered to submit to search, but the policeman declined to make the search in the depot. Plaintiff, Coon and the policeman went to the police station. Plaintiff was searched, with his consent, the money claimed to be lost was not found on his person, and his appearance, conduct and story so impressed the chief of police that he expressed the opinion that plaintiff was not guilty. Nevertheless, at the insistence of Coon, plaintiff was held three days without complaint having been filed against him. He was innocent of the crime charged; his detention was unlawful; the "bull pen" in which he was imprisoned was an unfit place in which to keep a prisoner, and the officers responsible for the condition of the jail are deserving of censure.

Plaintiff sued Coon, who made the complaint, Hanson, the passenger director, and the Chicago, Burlington & Quincy Railroad Company. The court instructed a verdict in favor of Hanson and the Railroad Company, but submitted the case to the jury as to Coon. The jury returned a verdict against Coon for $2,000. Coon has not appealed, but plaintiff appeals from the ruling of the court in dismissing the case as against Hanson and the railroad company.

Certain rulings relating to the introduction of evidence are first assigned as error, but, if the evidence excluded would not change the effect of the testimony received, these assignments do not call for consideration. Giving full effect to the testimony offered, but excluded, we do not see that it materially strengthens the story plaintiff told in chief. After detailing the conversation between himself and the passenger director, plaintiff testified that the passenger director said "that he could not do anything about it, that the police would have to do it." There appears to have been two or three minutes intervening between the time when the passenger director told plaintiff that

he was under arrest and the arrival of the policeman. The passenger director did not restrain him of his liberty. Plaintiff testifies that he wanted to remain to hear what story Coon was telling; that he offered to submit to a search in order to prove his innocence, but the policeman declined to search him there. He testifies that the passenger director was not present when he left for the police station, and that he went there of his own volition.

The testimony of Hanson and the police officer is to the effect that Hanson was not responsible for plaintiff's arrest or incarceration. This is the effect of plaintiff's own testimony given in chief, and it was not error for the court to refuse to permit plaintiff, either in rebuttal or by withdrawing his rest, to again go over this question. It was fully and exhaustively covered when plaintiff was first upon the witness-stand.

No liability attaches to defendant railroad company unless, through its agent Hanson, it was in some way responsible for plaintiff's arrest or detention.

A person may lawfully direct the attention of a police officer to a dispute between two persons, where one charges the other with the commission of a crime, and, where the officer, on his own responsibility, arrests and imprisons the person accused, the person who directed his attention to the controversy is not liable in damages to the person arrested.

There is not sufficient evidence to connect Hanson with the arrest or imprisonment, and the judgment is

AFFIRMED.

SEDGWICK, J., not sitting.