MILES, Administratrix, Respondent, v. FALL RIVER COUNTY et al, Appellants

(209 N. W. 360.)

(File No. 5627. Opinion filed June 19, 1926.)

1. **Appeal and Error—Appeal From Order Denying New Trial, Taken With Appeal From Judgment Rendered Prior to Order, Will Not Be dismissed, Though Not Taken Within 60 Days After Service of Notice of Filing of Order (Rev. Code 1919, § 3147).**

   Appeal from order denying new trial, taken with appeal from judgment rendered prior to order, will not be dismissed, though appeal from order was not taken, under Rev. Code 1919, § 3147, within 60 days after written notice of its filing served on appellants.

2. **Eminent Domain—Res Adjudicata—Damages—Order Establishing Highway Under Improper Statute, Not Appealed From as Provided in Such Statute, Is No Bar to Action to Recover Damages for Taking of Land for Highway (Laws 1919, c. 333, §§ 45-56; Rev. Code 1919, §§ 8537-8543).**

Proceedings to condemn land for trunk highway should be taken under Laws 1919, c. 333, §§ 45-56, and not under Rev. Code 1919, §§ 8537-8543, in view of section 14, amending section 8537, expressly exempting trunk highways from its provisions, and order establishing such highway under wrong section, not appealed from as provided for by section 8543, does not bar action to recover damages for taking of land for highway.

3. **Appeal and Error.**

Assignment of error in denying motion for directed verdict on ground of res judicata, not included in subsequent motions or on motion for new trial, will not be considered on appeal.

4. **Appeal and Error—Failure to Modify Judgment to Amount to Which Court Reduced It as Condition for Denying Motion for New Trial Held Not Prejudicial to Defendant.**

Failure of court to modify judgment of $1,700 by reducing it to $1,000, after requiring plaintiff's consent to such reduction as condition for denying new trial, held not prejudicial to defendant, as no more than lesser sum could be collected, and since trial court will at any time reduce judgment on motion.

5. **Appeal and Error—Particulars Wherein Evidence Was Insufficient to Sustain Verdict Not Being Set Forth in Assignment of Error or in Specification of Error on Motion for New Trial, Assignment Cannot Be Considered on Appeal (Rev. Code 1919, § 2546).**

Where particulars wherein evidence was insufficient to sustain verdict of damages for taking land for highway were not set forth in specification of error on motion for new trial or in assignment of error as required by Rev. Code 1919, § 2546, assignment cannot be considered on appeal.

6. **Appeal and Error—Insufficiency of Evidence Cannot Be Considered Without Assignment of Error in Denying Motion for New Trial.**

Assignment of error that evidence does not sustain verdict for damages for taking of land for highway cannot be considered on appeal, without assignment that court erred in denying motion for new trial.

**7.  New Trial.**

> In action for damages for taking of land for highway, plaintiff may be required to consent to reduction of judgment as condition for denying motion for new trial.

Note.—See, Headnote **(1)** American Key-Numbered Digest, Appeal and error, Key-No. 339(6), 3 C. J. Sec. 1035; **(2)** Eminent domain, Key-No. 271, 20 C. J. Sec. 525 (Anno); **(3)** Appeal and error, Key-Nos. 237(5), 301, 3 C. J. Sec. 889 (Anno); **(4)** Appeal and error, Key-No. 1072, 4 C. J. Sec. 3049 (Anno); **(5)** Appeal and error, Key-Nos. 302(6), 731(5), 3 C. J. Secs. 906, 1522; **(6)** Appeal and error, Key-No. 754(3), 3 C. J. Sec. 1478; **(7)** New trial, Key-No. 162(1), 29 Cyc. 1022.

Appeal from Circuit Court, Fall River County; HON. WALTER G. MISER, Judge.

Action by Maria P. Miles, as administratrix with will annexed of the estate of Marvin N. Parsons, deceased, and individually, against the County of Fall River and others. From a judgment for plaintiffs, and an order denying a new trial on condition that plaintiffs consent to reduction of amount of judgment, defendants appeal. Affirmed.

*E. W. Martin* and *C. A. Wilson,* State's Attorney, both of Hot Springs, for Appellants.

*Helm & Lewis,* of Hot Springs, and *C. A. Nystrom,* of Rapid City, for Respondents.

GATES, P. J. This action was brought to recover damages for the taking and damaging of plaintiffs' land for highway purposes. The jury returned a verdict for plaintiffs in the sum of $1,700, and judgment was entered accordingly. Upon motion for new trial the court ruled that a new trial should be granted unless plaintiffs consented to reduce the amount of the judgment to $1,000. They did so consent. Defendants appeal from the judgment and order denying new trial.

[1] It is first urged that the motion of respondents to dismiss the appeal in so far as it is from the order denying new trial should be granted, for that while the appeal from the judgment was taken within the time allowed by law, the appeal from the order denying new trial was not taken within 60 days after written notice of the filing of the order was served on ap-

pellants. Rev. Code 1919, § 3147. It is unnecessary to determine the question of practice upon which depends the question whether the appeal from the order' was taken within the 60-day period, because even if it be conceded that it was taken after the expiration of the 60-day period, it was nevertheless taken in time under the decision of this court in McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20.

[2] The highway in question purports to have been established under proceedings taken pursuant to sections 8537-8543, Rev. Code 1919. Appellants contend that the order establishing the highway is final and conclusive upon the matter of compensation for the land taken and of damages, and, no appeal from such order having been taken to the circuit court (Rev. Code 1919, § 8543), this action will not lie. This highway is a part of the state trunk highway system. Section 8537, Rev. Code 1919, as amended by section 14, c. 333, Laws 1919, declares:

"Provided further, that this section shall not apply to any highway upon the county highway system or the trunk highway system, as hereinafter provided for."

It is clear, therefore, that the proceedings in condemnation should have been taken under sections 44-56, c. 333, Laws 1919, and not under Rev. Code 1919, §§ 8537-8543. Therefore the right to bring this action was not barred by the proceedings had.

[3] The next assignment of error is that the court erred in denying defendants' motion for a directed verdict "because the final decree in the action in which the present defendants were plaintiffs determines the essential issues in the present case against the plaintiffs and is res judicata." This point was not included either in the motion for a directed verdict made at the close of plaintiffs' evidence or in the motion made at the close of all evidence. The point was not raised before the trial court either at the trial or on the motion for new trial, and therefore will not be considered here.

[4] Appellants further assign error because the court has not modified the judgment entered in the sum of $1,700 by reducing it to $1,000 in accordance with respondents' election. It is difficult to say wherein appellants have been or can be prejudiced thereby. No more than $1,000 with interest and costs can be

collected upon said judgment, and the trial court will at any time upon motion reduce the amount of the judgment to the modified amount.

[5]   Appellants further assign error as follows:

"The evidence does not sustain a verdict for any damage except for the actual value of the land appropriated, which value, under the allegations of plaintiffs' complaint, cannot exceed $500."

This assignment cannot be considered for two reasons:

(1)   Section 2546, Rev. Code 1919, requires:

"The said party shall attach to such transcript written specifications of the errors upon which he will rely upon motion for new trial or upon appeal to the Supreme Court, and, if the party is relying upon the insufficiency of the evidence to justify the verdict, finding or other decision, he shall specify the particulars wherein such evidence is claimed to be insufficient."

The particulars wherein the evidence was insufficient to sustain the verdict were not set forth in the specification of errors that were before the trial court on motion for new trial. Neither are such particulars set forth in the above assignment of error. Roberts v. Shaffer, 36 S. D. 551, 156 N. W. 67; Viktora v. Cressman, 41 S. D. 159, 169 N. W. 551; State v. Tiedeman, 49 S. D. 356, 207 N. W. 153; State v. Runyan, 49 S. D. 406, 207 N. W. 482.

[6]   (2)   There is no assignment of error that the court erred in denying the motion for new trial. Anderson v. Standard Acc. Ins. Co., 36 S. D. 390, 155 N. W. 1; Berke v. McCook County, 39 S. D. 579, 165 N. W. 985; Hipple v. Strohbehn, 44 S. D. 102, 182 N. W. 535.

[7]   A further assignment of error is as follows:

"The court erred in attempting to correct the excessive verdict of the jury by reducing the amount thereof, instead of setting the same aside and granting defendant's motion for a new trial."

It is true that in Murray v. Leonard, 11 S. D. 22, 75 N. W. 272, this court held in an action for assault and battery that it was improper to make a conditional order granting new trial similar to the order made in this case. It is also true that in Hanson v. Henderson, 20 S. D. 456, 458, 107 N. W. 670, 671, this court held:

"That an excessive verdict reached at the conclusion of a trial involving unliquidated damages is not susceptible of correction by reducing the amount thereof, and must be set aside and a new trial granted, is a proposition well sustained both by reason and authority."

We think the above doctrine is unsound and should be overruled. It is contrary to the great weight of authority. 20 R. C. L. 316; note 39 L. R. A. (N. S.) 1067. Indeed we think it should not have been adopted in Murray v. Leonard because it was contrary to the established doctrine of our predecessor, the Territorial Supreme Court. In Herbert v. N. P. R. Co., 3 Dak. 38, 13 N. W. 349, the trial court made a conditional order similar to the one in this case. That case was one for personal injuries. While the opinion makes no specific reference to the point, it will be seen from the reporter's notes in 3 Dak. at page 47, 13 N. W. 355, that the question was before the Supreme Court, and the disposition of the question was made in the following language:

"All the questions worthy of notice have now been considered. There being nothing in the case to call for any interference with the result, the judgment of the district court is affirmed."

A writ of error in that case was taken to the Supreme Court of the United States in Northern Pacific Ry. Co. v. Herbert, 116 U. S. 642, 6 S. Ct. 590, 29 L. ed. 755, and in the opinion in that case the court said:

"The exaction, as a condition of refusing a new trial, that the plaintiff should remit a portion of the amount awarded by the verdict, was a matter within the discretion of the court. It held that the amount found was excessive, but that no error had been committed on the trial. In requiring the remission of what was deemed excessive it did nothing more than require the relinquishment of so much of the damages as, in its opinion, the jury had improperly awarded. The corrected verdict could, therefore, be properly allowed to stand. Hayden v. Florence Sewing Machine Co., 54 N. Y. 221, 225; Doyle v. Dixon, 97 Mass. 208, 213 [93 Am. Dec. 80]; Blunt v. Little, 3 Mason, 102, 107 [Fed. Cas. No. 1,578]."

That case was not adverted to in Murray v. Leonard, supra. It is safe to say that if it had been called to the attention of the

court the decision in Murray v. Leonard would have been contrary to that announced.

In Arkansas V. L. & C. Co. v. Mann, 130 U. S. 69, 9 S. Ct. 458, 32 L. ed. 854, the decision in N. P. R. Co. v. Herbert was reviewed and adhered to, and it was expressly held that such practice did not violate the right of trial by jury, and the court said:

"The authority of the court to determine whether the damages are excessive implies authority to determine when they are not of that character. To indicate, before passing upon the motion for a new trial, its opinion that the damages are excessive, and to require a plaintiff to submit to a new trial, unless, by remitting a part of the verdict, he removes that objection, certainly does not deprive the defendant of any right, or give him any cause for complaint. Notwithstanding such remission, it is still open to him to show, in the court which tried the case, that the plaintiff was not entitled to a verdict in any sum, and to insist, either in that court or in he appellate court, that such errors of law were committed as entitled him to have a new trial of the whole case."

In Gila Valley G. & N. Ry. Co. v. Hall, 232 U. S. 94, 34 S. Ct. 229 58 L. ed. 521, the court again reviewed the Herbert case and said:

"The constitutional question involved was re-examined in Arkansas Cattle Co. v. Mann, 130 U. S. 69, 73 [9 S. Ct. 458, 32 L. ed. 854] and the decision in the Herbert case was adhered to, it being held that the practice under criticism did not in any just sense impair the right of trial by jury."

Being satisfied that the above cases correctly state the law applicable to this branch of the present case, those cases are followed, and the doctrine announced in Murray v. Leonard and Hanson v. Henderson, supra, is expressly overruled.

Finally, error is assigned in rulings on evidence. Even if there was error in the rulings, we find, the whole record being considered, nothing prejudicial to appellants.

The judgment and order appealed from are affirmed.