EVANS A. JONSON, APPELLEE, v. SAMUEL G. HELLER ET AL., APPELLANTS.

6 N. W. (2d) 359

FILED NOVEMBER 20, 1942. No. 31460.

*Cleary, Suhr & Davis* and *Harold A. Prince*, for appellants.

*B. J. Cunningham, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action by Evans A. Jonson, plaintiff and appellee, against Samuel G. Heller and S. N. Wolbach Sons, Inc., a corporation, defendants and appellants, for damages for false imprisonment. The case was tried to a jury which resulted in verdict and judgment in favor of the plaintiff and against the defendants for $1,000. From this judgment the defendants have appealed.

The appellants, as grounds for reversal of the judgment, have in their brief assigned five errors.

The first error assigned is that the court erred in overruling the motion of the defendants at the close of the evidence to instruct the jury to return a verdict in favor of the defendants. From an examination of the record it appears that this assignment is of first importance and it will be so treated.

The petition upon which the case was tried substantially alleges, and the theory upon which the case was tried was, that the plaintiff on November 19, 1939, was an employee of the defendant corporation, and that the defendant Samuel G. Heller was in charge of and was managing the business of the defendant corporation; and that in his personal capacity, and as manager of the defendant corporation, Heller caused and brought about the false imprisonment of the plaintiff.

The defendants filed answers. Both defendants in their

answers generally denied the allegations of the petition. The answer of the defendant S. N. Wolbach Sons, Inc., contained other defensive allegations, the particulars of which are not required for the present phase of this discussion.

The parties to this action are in accord on the definition of false imprisonment, that is, that false imprisonment consists of the unlawful restraint of the personal liberty or freedom of locomotion of a person without the consent and against the will of such person, with or without process of law. *Johnson v. Bouton,* 35 Neb. 898, 53 N. W. 995; *Dillon v. Sears-Roebuck Co.,* 126 Neb. 357, 253 N. W. 331; *Doescher v. Robinson,* 132 Neb. 299, 271 N. W. 784.

It follows then that one who charges that he has been falsely imprisoned must show by evidence that he was falsely imprisoned by the person or persons charged, or adduce evidence from which it may be reasonably inferred that he was so imprisoned. Of course, he must also prove by evidence or reasonable inference from evidence that he was imprisoned, but with that phase of proof of the cause of action we are not as yet concerned.

Assuming for the purpose of consideration of this first assignment of error that plaintiff was falsely imprisoned, it is pertinent to inquire as to whether or not the defendants had any participation in the imprisonment.

Pursuing this inquiry the record discloses that plaintiff was an employee of the defendant corporation, which was a department store in Grand Island, Nebraska, and that the defendant Heller was in charge of the corporation. A gladstone bag was stolen from the store, which fact was reported to Heller, who in turn reported it to the chief of police, and a request was made upon the chief of police that he make an investigation. Pursuant to this request the chief of police sent an officer or officers to the store. The officer or officers did not know the plaintiff so, on request, defendant Heller described him. Thereupon and after plaintiff left the store, an officer requested plaintiff to accompany him to the police station. Plaintiff did accompany him to the police station where he remained for questioning for some period of time when he was allowed to leave.

There is no direct evidence whatever, nor is there any evidence from which a reasonable inference could be drawn, that Heller or any one on his behalf or on behalf of the defendant corporation accused plaintiff of the taking of the bag, or requested or suggested his detention, or in any wise directed, counseled or advised the chief of police or any police officer in the investigation which had been requested. On the record whatever was done in the investigation was at the sole instance of the chief of police.

On the evidence then we are required to hold that the evidence was insufficient to justify submission of the case to a jury, and that the trial court erred in refusing to sustain the motion of the defendants for a directed verdict at the close of the evidence.

This conclusion renders unnecessary a discussion of the remaining assigned errors.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.