KUNZ, Appellant, v. JOHNSON, Respondent

KUNZ, Respondent, v. JOHNSON, Appellant

(57 N. W.2d 116)

(File Nos. 9316 and 9329. Opinion filed February 14, 1953)

**James O. Berdahl,** Sioux Falls, for Appellant and Respondent on cross-appeal.

**Danforth** & **Danforth,** Sioux Falls, for Respondent and Appellant on cross-appeal.

SMITH, J.   This appeal and the cross-appeal involve two separate causes of action.   In his first cause of action plaintiff claimed damages from defendant for an assault and battery.   In his second cause of action plaintiff claimed damages from defendant for an alleged malicious prosecution.   Both causes of action were submitted to the jury, and resulted in a verdict on the cause of action first mentioned for $1250 actual damages, and $1250 punitive damages, and on the second cause of action for $5,000 actual damages and $7,500 punitive damages.   Thereafter a motion for judgment notwithstanding the verdict or for a new trial was made by defendant.   The trial court granted defendant's motion for judgment notwithstanding the verdict on the second action, and made an order in the first cause of action granting a new trial if plaintiff failed to consent to the reduction of his verdict to $2,000.   Such a consent was filed and an order was made denying the motion for judgment or a new trial in the first cause of action.   The defendant has appealed from the judgment in the first cause of action and plaintiff has filed an appeal from the judgment

in the second cause of action. We shall dispose of both appeals in a single opinion.

The pertinent facts are largely undisputed. Prior to March 1949 the defendant Johnson had been operating an electrical wiring and construction business and a coin machine business at a single location in Sioux Falls, and plaintiff Kunz had been working for Johnson in the electrical business. On the 8th day of March 1949 Johnson and Kunz entered into articles of partnership to carry on the electrical business which contained the following provisions, viz.,

"The partners shall share in the profits and losses in accordance with the following terms: . Joe Johnson, now the owner of a going business, by these articles agrees to form a partnership with Bernard M. Kunz and to sell to him a one-tenth (1/10) interest in said business * * * for the sum of One Thousand and no/100 Dollars * * *. Said Bernard M. Kunz shall have the privilege of purchasing an additional 15% of said business, on basis of present inventory value, for the sum of One Thousand Five Hundred and no/100 Dollars ($1,500.00), in excess or depleted inventory value to be added or subtracted from said price, * * *. Such partners to share in profits and losses in the proportion as their respective ownership of the business stands."

In August 1950 plaintiff Kunz borrowed $1500 from a Sioux Falls bank and paid it to defendant Johnson. At that time Johnson executed and delivered to Kunz a bill of sale which described "Green Electric Co., 417 So. Phillips Ave.; name; wiring business; all wiring materials; all shop wiring tools; desk; filing cabinet; Ford truck; all wiring accounts, rights and good will".

Defendant Johnson testified that this bill of sale was demanded by the bank before they would loan Kunz the $1500. Kunz claimed that he demanded the bill of sale for his protection. Both parties admit that in connection with the payment of $1500 to Johnson, they executed and delivered a writing reading as follows:

"8/14/50 Bernard M. Kunz and Joe Johnson. Having reecived $1500 from Bernard M. Kunz I relinquish ¼ one-fourth interest in the Green Electric Co., as per the original

contract forming the partnership. For a further sum of $2,000, payable at $50 per month or in multiples of $50, Bernard M. Kunz may purchase and become the sole owner of the Green Electric business, accounts and equipment pertaining to wiring. At all times the option to buy at $2,000 will remain in force at the discretion of Bernard M. Kunz. Bernard M. Kunz—Joe Johnson".

Shortly thereafter, at a time not fixed by the evidence, Kunz exercised his option and commenced to pay monthly installments on the described $2,000 purchase price.

The electrical business and the coin machine business were continued at the same location under an agreement for a division of the rent and utility charges. Thereafter Johnson occupied himself with his coin machine business but the evidence discloses that he did subsequently assist in some described estimating on construction jobs, that he renewed the city electrical construction license and executed a lease in which the Green Electric is named as lessee.

In the course of an altercation between the parties in their place of business on the evening of June 7, 1951, the defendant Johnson knocked Kunz down with a single blow. The first cause of action above mentioned is predicated on that alleged assault and battery. Because of the view we are presently to express we find it unnecessary to describe the events of that evening.

By the time of the assault and battery in June 1951 Kunz had paid Johnson $400 on the above described purchase price and it is undisputed that he was behind at least one payment. He also was indebted to Johnson on some other small items.

To represent him in connection with a criminal charge of assault and battery, which Kunz had made against him, defendant Johnson employed a respected and experienced member of the Sioux Falls bar. Thereafter Johnson took all of his papers in connection with the electrical business to that lawyer and sought his advice as to steps he should take to protect his interests. He testified that he told his lawyer the whole story and followed his advice. The lawyer testified as a witness and fully corroborated the testimony

of Johnson. Acting through that lawyer defendant Johnson on June 28, 1951 started an action in the circuit court, Minnehaha county, in which he alleged that he and Kunz were partners, asked for an accounting and a winding-up of the partnership. In that action he asked for the appointment of a receiver. Based upon the complaint and affidavit of Johnson the court issued an order requiring Kunz to show cause why a receiver should not be appointed. The order to show cause contained a provision enjoining Kunz from disposing of any of the partnership property. After hearing on the order to show cause the circuit court determined that the partnership had been dissolved, and denied the application for a receiver.

The second cause of action in plaintiff's complaint is predicated upon the above described proceedings, and in substance alleges that said action was commenced and said temporary restraining order was procured maliciously without reasonable cause for the purpose of injuring plaintiff Kunz in his person and business; and that the circuit court determined that the action was commenced without cause, dismissed the receivership proceedings and dissolved the restraining order. The answer admitted the bringing of the action and the making of an application for the appointment of a receiver as alleged, but denied the remaining allegations of the cause of action.

Our convenience will be served by giving prior consideration to the cross-appeal. The contention is that the evidence is sufficient to support the verdict for damages for malicious prosecution, and therefore that the trial court erred in granting defendant's motion for judgment notwithstanding the verdict. We turn to a consideration of that contention.

■■ It has been said, "A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure." Burt v. Smith, 181 N.Y. 1, 5, 73 N.E. 495, 496. The elements of "malicious prosecution" are (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3)

its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; (6) damage conforming to legal standards resulting to plaintiff. Brown v. Keyes, 54 S. D. 596, 223 N.W. 819; Roberts v. Mooney, 65 S. D. 287, 273 N. W. 378; and Stauffacher v. Brother. 67 S. D. 314, 292 N.W. 432, 128 A.L.R. 925.

██  As we read the record we need only concern ourselves with the element of probable cause. In the Restatement, Torts, § 675, it is written, "One who initiates civil proceedings against another has probable cause for so doing if he reasonably believes in the existence of the facts upon which his claim is based, and (a) reasonably believes that under such facts the claim may be valid at common law or under an existing statute, or (b) so believes in reliance upon the advice of counsel given under the conditions stated in § 666." So far as pertinent to our inquiry the cited § 666 reads, "The advice of an attorney at law admitted to practice and practicing in the state in which the proceedings are brought, whom the client has no reason to believe to be interested, is conclusive of the existence of probable cause for initiating criminal proceedings in reliance upon the advice if it is (a) sought in good faith, and (b) given after a full disclosure of the facts within the accuser's knowledge and information."

█  Elsewhere it is written, "Generally, where the defendant acted in good faith on the advice of counsel, properly secured, he is relieved from liability for a civil action or proceeding instituted by him, no matter how mistaken the advice may have been." 54 C.J.S., Malicious Prosecution, § 53, page 1018.

█  Whether the undisputed facts are sufficient to constitute probable cause is wholly a question of law. Brown v. Keyes, 54 S. D. 596, 223 N.W.819 and Stewart v. Sonneborn, 98 U. S. 187, 25 L.Ed. 116.

█  The legal proceedings about which plaintiff complained in his second cause of action were commenced pursuant to the advice of one who is charged with the responsibility as an officer of the court to refuse to spawn unjusti-

fiable litigation. Rules of Professional Conduct No. 30, 31 and 32. The record reveals no fact which will support an inference that counsel's advice was sought in bad faith, or that it was given without a full disclosure of all of the pertinent facts. In fact counsel indicated while on the stand in this action that he continued to hold the opinion that the procedure he had advised and had taken on behalf of Johnson was shown to be proper by the undisputed facts. In such circumstances to hold that Johnson acted without reasonable cause and at the risk of liability for malicious prosecution would be to proclaim that the doors of our courts are not completely open to one who in good faith believes he has rights to protect or enforce. We hold that the undisputed facts establish that Johnson acted with reasonable cause and the trial court did not err in ordering judgment notwithstanding the verdict.

Three propositions are argued by defendant as grounds for a reversal of the judgment entered on plaintiff's first cause of action. They are phrased by counsel as follows: (a) "One upon whom an assault is comitted may resist such assault with force if no more force is used than reasonably is necessary to resist such assault." (b) "General malice is not cause for imposing damages by way of punishment. The malice must exist as to the very matter in issue." (c) "Where battery is the consequence of a sudden heat resulting from provocation first offered by plaintiff, and not a design for his injury deliberately formed by defendant, and the force used is not so disproportionate to the provocation as to repel the inference that it was induced thereby, exemplary damages are not authorized." If the validity of these propositions be assumed we think it does not follow that the judgment must be reversed.

■ It is admitted that while plaintiff and defendant were alone in their place of business on the evening of June 7, 1951 defendant felled plaintiff by a solid blow in the face. That which was said and done just prior to the striking of that blow is in sharp dispute. A jury question was presented by the conflicting testimony of the parties. The jury elected to believe plaintiff's version of the events of that evening. Predicated upon that testimony the jury

reasonably could have determined, and obviously did determine, not only that defendant did not act in self-defense, but that, deliberately and without any reasonable justification or provocation, he struck plaintiff a powerful blow in the face. That in such circumstances a defendant is liable for both actual and exemplary damage is not open to debate. SDC 47.0304, 37.1902; Bogue v. Gunderson, 30 S. D. 1, 137 N.W. 595.

The remaining contention is that the trial court abused its discretion in passing on defendant's motion for a new trial of the cause of action for assault and battery. The complaint of plaintiff tendered four causes of action, and the evidence covered all of his allegations. The third and fourth causes of action were withdrawn from the jury by the court at the close of the testimony, and as we have heretofore explained, the second cause of action was disposed of by the court by its judgment notwithstanding the verdict. It is the contention of the defendant that the verdict rendered on the first cause of action was influenced by passion and prejudice generated by the evidence placed before the jury under these additional causes of action. That the verdict of the jury was tainted by passion and prejudice is established by an express finding of the trial court. In its conditional order disposing of the motion for a new trial the court found "That the verdict of the jury on plaintiff's first cause of action for the sum of $1250.00 for actual damages is excessive and appears to have been given under the influence of passion and prejudice and should be reduced to $750.00." However, the award by the jury of $1250 punitive damages was allowed to stand. The precise contention is that in the circumstances the taint of the passion and prejudice permeated the whole verdict and that, in the exercise of a sound judicial discretion, a new trial should have been ordered.

It is provided by SDC 33.1605(5) that a verdict may be vacated and a new trial granted if excessive damages have been given under the influence of passion and prejudice. The motion for a new trial was so grounded. However, even when the verdict has been rendered under the influence of

passion and prejudice, the implication in the holding of this court in Miles v. Fall River County, 50 S.D. 240, 209 N.W. 360, wherein our former holding in Murray v. Leonard, 11 S. D. 22, 75 N.W. 272, was expressly overruled, is that it rests within the power of a trial court, in the exercise of its broad discretion, to deny a new trial on condition that plaintiff consent to a remittitur. Cf. Tunnel Mining & Leasing Co. v. Cooper, 50 Colo. 390, 115 P. 901, 39 L.R.A.,N.S., 1067; 53 A.L.R. 779; Dimick v. Schiedt, 293 U. S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1163; and 44 Yale L.J. 318.

If it be assumed that the power and discretion of the court is that extensive, when it is clear that the verdict is influenced by passion and prejudice, we think a remittitur can be justified only by exceptional circumstances. Cf. 66 C.J.S., New Trial, § 209d, page 524. The whole record before us convinces us that the minds of this jury were so inflamed against the defendant that they were not able to deal impartially with any branch of the case. Therefore, in the exercise of a sound judicial discretion, we are of the opinion the trial court should have ordered a new trial of the cause of action dealing with the assault and battery.

The judgment of the trial court on the first cause of action is reversed, and its judgment on the second cause of action is affirmed.

All the Judges concur.