Charles H. WEBER, Plaintiff
and Appellant,

v.

WESTERN BANK, Sioux Falls, South Da-
kota and Sunshine Food Markets, a cor-
poration, Defendants and Appellees.

No. 14032.

Supreme Court of South Dakota.

Argued May 24, 1983.

Decided July 20, 1983.

William J. Klimisch of Goetz, Hirsch &
Klimisch, Yankton, for plaintiff and appel-
lant.

Lawrence L. Piersol of Davenport, Evans,
Hurwitz & Smith, Sioux Falls, for defend-
ant and appellee Western Bank.

Derald W. Wiehl of May, Johnson, Doyle
& Becker, P.C., Sioux Falls, for defendant
and appellee Sunshine Food.

RAMYNKE, Circuit Judge.

This is an appeal from an order granting
summary judgment to the defendants.
Plaintiff Weber brought this action against

Sunshine Foods for malicious prosecution and against Western Bank for malicious prosecution and for wrongful dishonor of a check. We affirm.

Weber, a depositor at Western Bank, was asked by it to close his account. He refused and Western Bank sent him a registered letter dated July 30, 1980, notifying him that his account with the bank would be closed on August 15, 1980. He signed for and received the registered letter.

On August 15, 1980 at 10:01 a.m., Weber presented a $40.00 check drawn on Western Bank to Sunshine Foods and received cash and merchandise. The check went through regular channels and reached Western Bank on Monday, August 18. The bank determined that Weber's account with them had been closed on August 15. The bank did not honor the check and returned it to Sunshine Foods marked "account closed." Sunshine Foods did not contact Weber who had been a customer for some time, but on August 22, turned the check over to Detective Downs of the Sioux Falls Police Department.

Detective Downs conducted an investigation regarding the check. After talking to employees of Western Bank, Detective Downs mistakenly determined that the account had been closed at the end of the banking work day on August 14. A copy of the bank's letter to Weber stating that the account would be closed on August 15 had been furnished by the bank to Detective Downs and he was told that the account was closed when the check was presented to the bank. Detective Downs submitted the results of his investigation to the State's Attorney's Office and a complaint was issued charging Weber on a felony no account check charge. When the facts came to light that the account had not yet been closed at 10:01 a.m. on August 15, the date on which the check was written and cashed at Sunshine Foods, the charges were dropped.

■ The six elements necessary to sustain an action for malicious prosecution are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; and (6) damages conforming to legal standards resulting to plaintiff. *Kunz v. Johnson,* 74 S.D. 577, 57 N.W.2d 116 (1953).

Using the standards set out in *Wilson v. Great Northern Railway Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968), the trial judge determined that, assuming all facts detailed in Weber's pleadings and presentation were true, these facts failed to support a conclusion that either the commencement or the continuance of the criminal prosecution was legally caused by either Sunshine Foods or Western Bank.

■ In the case of Sunshine Foods, all it did was to turn over the "account closed" check to Officer Downs who in turn made an investigation and turned it over to the Deputy State's Attorney who made the decision to bring charges. "If an informer merely states to a peace officer his knowledge of a supposed offense and the officer makes the arrest entirely upon his own judgment and discretion, the informer is not liable." *Johnson v. First National Bank & Trust Co.,* 207 Neb. 521, 300 N.W.2d 10 (1980), quoting *Jensen v. Barnett,* 178 Neb. 429, 134 N.W.2d 53 (1965). The charges were neither requested nor prosecuted by Sunshine Food. It only furnished the evidence which was in its possession. The check marked "account closed" was on its face evidence of commission of a felony. Upon receiving such a check Sunshine was obligated to immediately disclose information of such felony to the proper authorities.[1]

1. SDCL 22–11–12 provides:
   Misprision of felony. Any person who, having knowledge, which is not privileged, of the commission of a felony, conceals the same, or does not immediately disclose such felony, with the name of the perpetrator thereof, and all the facts in relation thereto, to the proper authorities, shall be guilty of

In his action for malicious prosecution Weber also failed to establish that Western Bank had any part in the commencement or continuance of the criminal prosecution. The bank had followed normal banking procedures in returning the check and marking it "account closed" when it received the check three days after plaintiff's account had been officially closed. It answered the investigating officer's questions truthfully, and in no way tried to procure any prosecution of the plaintiff. It had not instigated the investigation of the action. "The institution of a criminal prosecution by or at the instance of a defendant is an essential element of malicious prosecution." *Schleicher v. Western State Bank,* 314 N.W.2d 293 (N.D.1982).

Weber also failed to show that Western Bank wrongfully dishonored his check. The check reached Western Bank on August 18, three days after the date plaintiff had been advised that his account would be closed. The account was closed at that time and Western Bank had no obligation to honor the check.

The trial court was correct in determining that the defendants were entitled to a dismissal as a matter of law based on the finding that there was no genuine issue of material fact.

We affirm the decision granting defendants' motions for summary judgment.

FOSHEIM, C.J., and MORGAN and HENDERSON, JJ., concur.

WOLLMAN, J., concurs specially.

RAMYNKE, Circuit Judge, sitting for DUNN, J., disqualified.

WOLLMAN, Justice (concurring specially).

I join in all aspects of the majority opinion's holding except the statement to the effect that Sunshine Foods was required by SDCL 22–11–12 to make immediate disclosure to the authorities of the fact that it had received an "account closed" check. Although a check returned by the drawee bank to the payee marked "account closed" may very well be evidence of the commission of a felony, SDCL 22–41–1.2 * enables the writer of such a check to raise as a defense his lack of knowledge that his account had been closed, a legislative recognition of the distinction between "account closed" checks and "no account" checks. Accordingly, there very well may be good reasons why a payee may wish to make contact with the writer of an "account closed" check before turning it over to the local authorities for investigation.

misprision of a felony. Misprision of a felony is a Class 1 misdemeanor. There is no misprision of misdemeanors or petty offenses.

* SDCL 22–41–1.2 provides:

Any person who, for himself or as an agent or representative of another for present consideration with intent to defraud, passes a check drawn on a financial institution knowing at the time of such passing that he or his principal does not have an account with such financial institution, is guilty of a Class 5 felony.

It is a defense to this section that the actor's or his principal's account was closed without the actor's knowledge. Evidence that the financial institution mailed a notice by certified or registered mail to the person in whose name the account was listed at the last address contained in the financial institution's records shall be prima facie proof that the actor had knowledge that his or his principal's account was closed.