**Darrell KAARUP and Carol Kaarup, Plaintiffs and Appellants,**

**v.**

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Home Federal Savings and Loan, a corporation, and Curt Hepner, individually, Defendants and Appellees.**

**No. 17470.**

Supreme Court of South Dakota.

Argued Oct. 21, 1991.

Decided May 27, 1992.

Michael J. McGill, Beresford, Rick Johnson of Johnson, Eklund and Abourezk, Gregory, for plaintiffs and appellants.

James L. Hoy of Hoy and Hoy, Sioux Falls, for defendant and appellee St. Paul Fire and Marine.

Mark V. Meierhenry of Danforth, Meierhenry and Everist, Sioux Falls, for defendants and appellees Home Federal and Curt Hepner.

KONENKAMP, Circuit Judge.

Darrell and Carol Kaarup (Kaarups) appeal from a grant of summary judgment dismissing their malicious prosecution action. This case arises from a foreclosure suit brought against Kaarups by First Federal Savings and Loan (First Federal), now Home Federal Savings and Loan (Home Federal). We ruled on two prior appeals involving these matters. *St. Paul Fire & Marine Ins. v. Kaarup*, 420 N.W.2d 364 (S.D.1988) (*Kaarup I*); *Kaarup v. St. Paul Fire & Marine Ins.*, 436 N.W.2d 17 (S.D.1989) (*Kaarup II*).

### FACTS

Kaarups purchased a single family dwelling for their home in Canton, South Dakota. An attorney furnished First Federal a title opinion that a mortgage signed only by Carol Kaarup would be a valid first lien on the property. Thereafter First Federal approved their loan and both Kaarups signed a promissory note for $50,000. Only Carol Kaarup signed the mortgage. When Kaarups later defaulted on their payments, the loan officer in charge of Kaarups' mortgage, Curt Hepner, delivered the file to Blaine Rudolph, who was First Federal's attorney and the President of the Board of Directors. Rudolph saw that the mortgage had been signed individually by "Carol A. Kaarup, a married person" and informed Hepner that he questioned the mortgage's validity. Rudolph nevertheless advised First Federal to commence foreclosure proceedings. He also sent a letter to the title opinion attorney's firm demanding payment of Kaarups' indebtedness stating

I now am informed and believe that the property mortgaged was a homestead of Carol A. Kaarup and her husband Darrell R. Kaarup at the time the mortgage was made. I am of the opinion that since the mortgage was not signed by the husband, it is void under South Dakota Law.

Kaarups filed for Chapter 11 reorganization bankruptcy. Their bankruptcy schedules listed First Federal as a secured creditor in the full amount of the outstanding debt, not as a contingent or disputed claim. First Federal filed its proof of claim. Rudolph wrote a letter to Hepner discussing a possible action in bankruptcy court to institute an assignment of rents from the mortgaged premises stating:

However, this will require proceedings in bankruptcy court and perhaps alert Kaarup's attorney to the problem which exists since the property may have been Kaarups' homestead and only Mrs. Kaarup signed the mortgage.

First Federal sued the title opinion attorney in circuit court for malpractice in rendering a defective title opinion, claiming damages equal to the principal and interest remaining on the note and mortgage plus taxes and other costs. The title opinion attorney's malpractice carrier, St. Paul Fire & Marine Insurance Company (St. Paul), engaged attorney Robert E. Hayes, to defend the attorney. St. Paul and First Federal agreed that St. Paul would test the validity of the mortgage by litigating the matter in bankruptcy court at St. Paul's expense. They agreed that First Federal would allow the malpractice suit to remain dormant so as not to generate publicity about the void mortgage. If the mortgage was ruled valid, the legal malpractice case would be moot.

St. Paul acting for First Federal was initially successful in bankruptcy court. It alleged that the mortgage was a valid first lien upon the property in question. Kaarups resisted by arguing that the property was necessary to reorganization, but did not raise the homestead question or otherwise challenge the validity of the mortgage. The bankruptcy judge ruled that the mortgage was valid and enforceable, that

the property was a burden to the bankruptcy estate and granted relief from the stay to allow First Federal to commence foreclosure proceedings in state court. When Kaarups' attorney later raised the homestead question, attorney Hayes noted in a letter to St. Paul's claimsman that "contrary to what we may have hoped, they are aware of the potential defect in the mortgage."

On June 5, 1984, First Federal commenced a foreclosure action in circuit court. Even though the malpractice case was pending, its complaint alleged that "no other action or proceeding at law or otherwise for the recovery of the debt secured by the note and mortgage or any part thereof has been had or commenced." Hepner later signed an affidavit to this effect. Kaarups' answer averred that the mortgage was invalid. First Federal argued that Kaarups were precluded from challenging the mortgage's validity because the matter had been previously adjudicated in bankruptcy court. Ruling that the mortgage was void the circuit court held that it was not bound by the previous determinations of validity in bankruptcy court and that the doctrines of waiver and estoppel could not be invoked to prevent Kaarups from asserting their homestead rights. We affirmed in *Kaarup I.* First Federal's legal malpractice action against the title opinion attorney was settled. As part of the settlement, First Federal assigned the note and mortgage to St. Paul. St. Paul later took a judgment against Kaarups on the promissory note.

On February 5, 1987, Kaarups commenced this action against defendants St. Paul, Hepner and First Federal's successor, Home Federal. They sought compensatory and punitive damages based on claims of abuse of process, malicious prosecution, intentional infliction of emotional distress, tortious interference with contract rights and fraud. All of the claimed damages arose from the foreclosure action. Defendants answered the complaint and raised, *inter alia,* the advice of counsel defense. The trial court granted summary judgment in favor of all defendants. On appeal,

Kaarups only challenge the dismissal of their malicious prosecution action.

## DECISION

■ Summary judgment is proper only when the moving party shows that judgment is merited as a matter of law because there is no genuine issue of material fact. *First Western Bank v. Livestock Yards,* 444 N.W.2d 387 (S.D.1989); *Caneva v. Miners and Merchants Bank,* 335 N.W.2d 339 (S.D.1983). The burden of clearly showing that no genuine issues of fact exist is on the moving party. *Klatt v. Continental Ins. Co.,* 409 N.W.2d 366 (S.D. 1987). The facts must be viewed in a light most favorable to the nonmoving party. *Wilson v. Great Northern Railway Company,* 83 S.D. 207, 157 N.W.2d 19 (1968).

■ To establish a claim for malicious prosecution, Kaarups must prove:

(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; ■ its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; and (6) damages conforming to legal standards resulting to plaintiff.

*Schwartz v. First Nat. Bank in Sioux Falls,* 390 N.W.2d 568, 571 (S.D.1986); *see also Terminal Grain Corp. v. Freeman,* 270 N.W.2d 806, 809 (S.D.1978); *Kunz v. Johnson,* 74 S.D. 577, 582–83, 57 N.W.2d 116, 119 (1953).

The trial court ruled as a matter of law that (1) Kaarups did not have a favorable termination in the Lincoln County proceedings, because St. Paul took a judgment on the promissory note even though the mortgage was ruled void; (2) defendants relied on advice of counsel, thus probable cause existed as a matter of law; and (3) there was an absence of malice. Affirmance of a summary judgment is appropriate if there exists any basis to support the trial court's ruling. *Breen v. Dakota Gear & Joint Co.,* 433 N.W.2d 221 (S.D.1988); *Harmon v. Christy Lumber, Inc.,* 402 N.W.2d 690

(S.D.1987). Because we deem the advice of counsel issue as dispositive, we decline to review the trial court's other reasons for granting summary judgment.

## ADVICE OF COUNSEL AS CONSTITUTING PROBABLE CAUSE

■ If a defendant in a malicious prosecution action, in good faith sought the advice of an attorney before commencing or maintaining the civil proceeding against plaintiff and made a full, fair and complete disclosure to the attorney of all the pertinent and material facts of which the defendant had knowledge tending to prove or disprove the civil allegations and thereafter defendant acted upon the advice of the attorney and in the belief of plaintiff's civil liability, then probable cause existed for commencing or maintaining a civil proceeding against plaintiff. *Bucher v. Staley*, 297 N.W.2d 802 (S.D.1980); *Terminal Grain Corp. v. Freeman, supra; McIntyre v. Meyer*, 81 S.D. 417, 136 N.W.2d 351 (1965). Both Rudolph and Hayes are licensed attorneys in South Dakota. In an action for malicious prosecution the court determines whether a defendant had probable cause for initiating the proceedings, except when there is a dispute over the circumstance under which the proceedings were initiated. *Bucher v. Staley;* Restatement (Second) of Torts § 673(1)(c), (2)(a) (1977); *see also Modla v. Miller,* 344 Mich. 21, 73 N.W.2d 220 (1955); *Petrie v. Roberts*, 242 Wis. 539, 8 N.W.2d 355 (1943). Here the circumstances surrounding the decision to sue Kaarups were undisputed.

Kaarups argue that defendants' attorneys knew the mortgage was void and so advised their clients; therefore, an issue of fact remains on whether defendants in good faith believed in Kaarups' civil liability on the mortgage. Yet a quantifiable chance of success is not the measure by which to determine good faith reliance.

When the proceedings are civil, the advice of counsel is a protection even though it consists merely of an opinion that the facts so known or believed afford a chance, *whether great or small,* that the claim asserted in civil proceedings may be upheld.

Restatement (Second) of Torts § 675 comment g (1977) (emphasis added). This rule applies even if facts perceived at the time the advice was given turn out to be contrary to what was believed and even if the attorney's legal advice was mistaken. *See McIntyre v. Meyer, supra; Kunz v. Johnson, supra.*

■ Kaarups contend that First Federal was not entitled to rely upon Rudolph's advice, because he was also the President of the Board of Directors, thus he was more than merely an attorney giving a client advice. It has been held that a defendant in an action for malicious prosecution is not precluded from relying on the advice of counsel defense merely because such counsel is regularly retained or employed by the defendant. *Truman v. Fidelity & Casualty Company of New York*, 146 W.Va. 707, 123 S.E.2d 59 (1961); *Miller v. American Nat. Bank in Little Falls*, 216 Minn. 19, 11 N.W.2d 655 (1943). Kaarups offered no proof that Rudolph's actions were performed in a capacity other than as First Federal's attorney.

■ Kaarups lastly insist that the attorneys' actions in not disclosing to the courts the legal status of the mortgage and the pendency of the malpractice action, constitutes bad faith attributable to St. Paul and First Federal. This not a case where an attorney's judgment or ethics is the issue. Neither First Federal, St. Paul nor Hepner took any action which was not requested by the lawyers who represented them. The law does not require clients to re-evaluate their lawyer's legal opinions, but only that they reasonably believe the opinion allows them to proceed. The facts concerning the state of the mortgage are undisputed; it is only the legal significance of those facts which were left for evaluation. The lawyers were in a far better position to do that than their clients. We find nothing in the record to suggest that defendants improperly sought or relied on the advice of their attorneys.

Affirmed.

WUEST and HENDERSON, JJ., and McKEEVER and DOBBERPUHL, Circuit Judges, concur.

KONENKAMP, Circuit Judge, for AMUNDSON, J., disqualified.

McKEEVER, Circuit Judge, for MILLER, C.J., disqualified.

DOBBERPUHL, Circuit Judge, for SABERS, J., disqualified.